Baher Azmy, Esq. (BA8406)
Tara E. Nicola, D.N.J.L. Civ.R. 101.1(h)
Anthony L. Germano, D.N.J.L. Civ.R. 101.1(h)
SETON HALL CENTER FOR
SOCIAL JUSTICE
833 McCarter Highway
Newark, NJ 07102
(973) 642-8700

Lawrence S. Lustberg, Esq. (LL1644)
Jennifer Ching, Esq. (JC5267)
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102-5497
(973) 596-4500

Attorneys for Plaintiffs

RECEIVED
WILLIAM T. WALSH, CLERK

2002 OCT 25 P 4: 40

UNITED STATES
DISTRICT COURT

FILED
OCT 25 2002
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| RAYMOND ALVES,<br><br>    Plaintiff,<br><br>v.<br><br>DR. GLENN FERGUSON, in his official capacity as Director of the Special Treatment Unit, JAMES W. SMITH, JR., in his official capacity as Commissioner of the New Jersey Department of Human Services, ALAN G. KAUFMAN, in his official capacity as Director of the New Jersey Division of Mental Health Services, DEVON BROWN in his official capacity as Commissioner of the New Jersey Department of Corrections, DAVID SAMSON, in his official capacity as Attorney General of the State of New Jersey, Department of Corrections Officer McCormick, and JOHN DOEs 1-10<br><br>    Defendants. | UNITED STATES<br>DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>01 Civ. 789 (DMC)<br><br>**AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff Raymond Alves, by his attorneys, Seton Hall Center for Social Justice and Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C. for his complaint against defendants, hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises out of defendants' violation of the constitutional and statutory rights of residents housed at the Special Treatment Unit ("STU"), an involuntary and indefinite civil commitment treatment program designated for "sexually violent predators" who have been released from the state prison system. Plaintiff Raymond Alves brings this action under 42 U.S.C. §1983 for declaratory and injunctive relief against various New Jersey state officials responsible for the implementation of the New Jersey Sexually Violent Predator Act ("N.J.S.V.P.A." or, the "Act"), N.J.S.A. 30:4-27.24 et seq. and the administration of the STU, for violations of the Double Jeopardy and Ex Post Facto Clauses of the United States Constitution; violations of the substantive due process, procedural due process and equal protection guarantees of the Fourteenth Amendment to the United States Constitution; violations of the Americans with Disabilities Act, 42 U.S.C. §12132, and the Rehabilitation Act, 29 U.S.C. §504; violation of the right to adequate treatment under the New Jersey Constitution; as well as for violation of the New Jersey Patient's Bill of Rights, N.J.S.A. 30:4-24.2 and the civil rights guaranteed by N.J.S.A. 30:4-24.1. This action seeks declaratory and injunctive relief against defendant state officials in their official capacity for violations of federal constitutional and statutory law, and seeks damages against them in their individual capacity for violations of state law.

2. The N.J.S.V.P.A. imposes punishment by failing to provide residents, including plaintiff, with the minimum adequate therapeutic and mental health treatment needed to allow him a realistic opportunity to be cured and reintegrate into mainstream society. Plaintiff participates in only three hours of group therapy each week and

2

receives no individualized treatment program. Defendants have failed to sufficiently staff the STU with qualified mental health professionals. Defendants have also failed to provide accurate risk assessment methods related to plaintiff's purported likelihood of committing future acts of violence, subjecting him to potentially indefinite treatment, and further violating his rights as guaranteed by state laws regulating mental health facilities.

3. The N.J.S.V.P.A. additionally inflicts punishment through the prison-like conditions at the STU. The STU is staffed almost exclusively by Department of Corrections ("DOC") officers, who are present even during plaintiff's therapy sessions, and who impose multiple daily lockdowns and administrative segregations. Plaintiff is subject to repeated searches of his person and his belongings, and is prohibited participation in any educational or vocational programs.

## JURISDICTION AND VENUE

4. This action is authorized under 42 U.S.C. §1983 for declaratory and injunctive relief against the defendants in their official capacities with jurisdiction conferred upon this court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (a)(3) and (a)(4). Supplemental jurisdiction over the state law claims is authorized pursuant to 28 U.S.C. §1367(a). Declaratory relief is authorized pursuant to 28 U.S.C. §2201 and §2202.

5. Venue is proper pursuant to 28 U.S.C. §1391(b), as events giving rise to this action occurred within this district and defendants reside in this district.

## PARTIES

3

6. Plaintiff Raymond Alves, currently resides at the Northern Regional Unit in Kearney, New Jersey. The Plaintiff was involuntarily committed to this facility by the State of New Jersey in March 2000.

7. Defendant David Samson is the current Attorney General for the State of New Jersey and is responsible for commencing civil commitment proceedings against persons classified as "sexually violent predators" under the Act pursuant to N.J.S.A. 30:4-27.28, 30:4-27.36. As Attorney General he is also responsible for the continued enforcement of the Act against all current residents of the STU. N.J.S.A. 52:17a-4. Defendant Samson is sued herein for federal claims in his official capacity and for state claims in his individual capacity.

8. Defendant Dr. Glenn Ferguson is the Clinical Director of the Special Treatment Unit and is responsible for the treatment planning and administration of numerous facets of the STU. Defendant Ferguson is sued herein for federal claims in his official capacity and for state claims in his individual capacity.

9. Defendant James W. Smith Jr. is the Commissioner of the Department of Human Services and is responsible for determining matters of policy and for formulating, adopting, issuing and promulgating rules and regulations governing mental health facilities in the State of New Jersey. N.J.S.A. 30:4-27.34(b). He is also responsible for developing and implementing an appropriate therapeutic environment at the STU and adequate treatment plans for its residents. Defendant Smith is sued herein in his official capacity for federal claims and in his individual capacity for pendant state law claims.

10. Defendant Alan G. Kaufman is the Director of the Division of Mental Health Services. He is responsible for developing, coordinating and providing

4

operational support for mental health facilities in the State of New Jersey, pursuant to N.J.A.C. 10:30-1.1. He is also responsible for taking a supervisory role over all Department of Human Services staff at the STU and for developing and implementing an appropriate therapeutic environment at the STU and adequate treatment plans for its residents. N.J.S.A. 30:4-27.34(b). Defendant Kaufman is sued herein in his official capacity for federal claims and in her individual capacity for pendant state law claims.

11. Defendant Devon Brown is the Commissioner of the Department of Corrections (DOC). DOC is obligated to provide adequate care, custody and treatment for all residents of the STU pursuant to N.J.S.A. 30:4-27.34(a). As Commissioner of DOC, Brown is responsible for determining all matters of policy and for formulating, adopting, issuing and promulgating rules and regulations for Department of Corrections facilities and for setting procedures and guidelines for DOC staff at the STU. N.J.A.C. 30:1B-7. Defendant Brown is sued in his official capacity for federal claims and in his individual capacity for pendant state law claims.

12. Defendant McCormick is an officer employed by the Department of Corrections. As a DOC employee, he is responsible for the custody, care and safety of DOC residents.

## FACTUAL ALLEGATIONS

13. In 1999, while plaintiff was serving a criminal sentence in a New Jersey state prison, the New Jersey Legislature enacted the New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 et seq. The Act authorizes the Attorney General to involuntarily civilly commit "sexually violent predators" for an indefinite period of time, upon a showing of a "mental abnormality" or "personality disorder" and a likelihood of

future dangerousness. In March 2000, before plaintiff was released from incarceration, the Attorney General successfully petitioned for the civil commitment of plaintiff. Plaintiff has since been civilly committed at the STU since September 2000 as a result of the continued enforcement of the N.J.S.V.P.A.

### Lack of Adequate Treatment

14. Defendants fail to provide adequate mental health treatment to plaintiff. In particular, defendants provide only three hours of sex offender group therapy per week, leaving plaintiff otherwise idle and in confinement for the remaining 165 hours per week.

15. Defendants have also failed to develop a treatment plan sufficient to meet the mental health needs of the plaintiff, or to meet the required goals of the STU which are to assist plaintiff in decreasing his risk of repeating sexually violent offenses and to provide him a reasonable prospect reintegration into society.

16. Defendants have failed to provide an adequate number of qualified mental health professionals to meet the needs of plaintiff and have failed to complement the increase in residents assigned to the STU with a proportional increase in mental health staff.

17. Numerous other ways in which plaintiff's group therapy is inadequate include:

- the groups are too large and meet too infrequently;
- the group therapy sessions improperly group together residents with a variety of mental health disorders that require distinct treatment regimens. In addition, these sessions improperly group residents who have already received some behavioral therapy during time spent at the

6

> New Jersey Adult Diagnostic Treatment Center with those who are entirely new to the methods associated with this form of treatment;

- DOC officers are present in plaintiff's group therapy sessions, thus undermining the sessions' therapeutic value;
- residents, including plaintiff, are not afforded psychiatric consultation or care, instead, leaving residents to the care and treatment of social workers and a psychologist;
- residents, including plaintiff, are not sufficiently informed of the therapy agendas and specific goals of their treatment program;
- defendants have not implemented a system to improve or monitor plaintiff's mental health progress;
- residents, including plaintiff, are not provided with feedback regarding mental health progress.

18. Defendants have failed to post the New Jersey Patient's Bill of Rights, N.J.S.A. 30:4-24.2, at the STU or to abide by it's requirements.

19. Defendants have failed to implement a comprehensive, systematic mental health quality assurance program as is required at New Jersey psychiatric hospitals, pursuant to N.J.A.C. 10:36-1.2.

20. Defendants have failed to adopt accurate risk assessment criteria. Instead, defendants have implemented a risk assessment and mental health evaluation program that slows or manipulates the progress of plaintiff and other residents with the result of detaining residents in the STU indefinitely.

21. Defendants have failed to provide the plaintiff with facilities equivalent to the facilities other involuntarily committed patients enjoy in mental health facilities governed by the Department of Human Services, N.J.A.C. 10:37G-2.3 and 10:36-1.1 et seq.

### Punitive Features of the STU

22. The STU is staffed almost exclusively by uniformed DOC officers, rather than by employees of the DHS. DOC officers have no role in residents' treatment.

23. All other mental health facilities in New Jersey are governed pursuant to regulations promulgated by the Department of Human Services, N.J.A.C. 10:37G-2.3 and 10:36-1.1 et seq. Defendants' failure to promulgate any rules or regulations governing the provision of mental health services to residents of the STU, or to expressly include the STU as a mental health facility covered by DHS regulations, demonstrates that the facility is punitive, rather than therapeutic.

24. Defendants subject plaintiff and residents of STU to additional prison-like conditions, including:

- twenty-four hour surveillance;
- confining residents, including plaintiff, indoors in excess of twenty-three hours per day and subjecting them to placement in administrative segregation and multiple lockdowns throughout the day;
- denying residents, including plaintiff, regular physical activity and the facilities needed to engage in such physical activity;
- denying residents, including plaintiff, access and programs for vocational training or education;

8

- restricting residents', including plaintiff's, right to receive visitors to a total of no more than 10 hours per week;
- subjecting residents, including plaintiff, to searches of rooms and destruction of personal property.

### Inadequate Access to Medical Care

25. Defendants have failed to provide prompt and adequate medical treatment for plaintiff's diagnosed tuberculosis and hepatitis C, despite plaintiff's repeated requests for such medical care.

### Physical Abuse

26. In or about February 2002, Lieutenant McCormick assaulted the plaintiff with his radio device causing him injury.

## FIRST CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITES

### Violation of the Double Jeopardy Clause
### of the Fifth Amendment to the United States Constitution

27. Plaintiff restates and realleges paragraphs 1 through 26 as if fully set forth herein.

28. The N.J.S.V.P.A., as enforced by defendants, constitutes punishment. Defendants operate the STU like a prison, subjecting plaintiff to treatment akin to or worse than a state prison facility, and deny plaintiff access to any meaningful mental health treatment.

29. For these reasons, defendants are punishing the plaintiff for an offense for which he has previously been incarcerated, a violation of the Double Jeopardy Clause of the Constitution.

9

## SECOND CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITY

Violation of the Ex Post Facto Clause of the United States Constitution

30. Plaintiff restates and realleges paragraphs 1 through 30 as if fully set forth herein.

31. The N.J.S.V.P.A. was enacted subsequent to plaintiff's commission of the offense which forms the basis for his involuntary commitment at the STU.

32. Because the N.J.S.V.P.A. imposes punishment, plaintiff is being punished twice for the same crime in violation of the Ex Post Facto Clause of the Constitution.

## THIRD CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR OFFICAL CAPACITY

Violation of Substantive Due Process Guarantees
Under the 14th Amendment to the United States Constitution

33. Plaintiff restates and realleges paragraphs 1 through 32 as if fully set forth herein.

34. Defendants have denied plaintiff his constitutional right to adequate mental health treatment.

35. Specifically, defendants' failure to provide adequate treatment includes: (i) failure to provide an adequate or regular amount of sex offender therapy; (ii) failure to maintain sufficient levels of qualified mental health professionals; (iii) failure to implement individualized treatment programs; (iv) failure to implement an accurate system to monitor plaintiff's mental health progress or to provide plaintiff with feedback regarding his own mental health progress; (v) failure to provide the plaintiff with an understanding of treatment goals and treatment potential or to allow plaintiff to

participate in the planning of his own treatment; (vi) failure to develop or implement accurate risk assessment criteria for plaintiff's annual reviews.

## FOURTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITIES

Violation of Procedural Due Process Guarantees
Under the 14th Amendment to the United States Constitution

36. Plaintiff restates and realleges paragraphs 1 through 35 as if fully set forth herein.

37. As an involuntarily civilly committed individual, at a state-run mental health facility, plaintiff is entitled to protection of rights guaranteed by state law, including, but not limited to: the right to mental health treatment in accordance with the accepted professional standards; the rights of privacy and dignity; the least restrictive conditions necessary to achieve the purpose of treatment; to see visitors each day; to regular physical exercise several times a week and for facilities and equipment for such exercises; to be outdoors at regular and frequent intervals; and to receive prompt and adequate medical treatment for any physical ailment. See N.J.S.A. 30:4-24.1 and N.J.S.A. 30:4-24.2,

38. The defendants have violated a fundamental right established under New Jersey law guaranteeing a minimum standard of treatment of civilly committed persons.

## FIFTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITIES

Violation of the Due Process Guarantees
Under the 14th Amendment to the United States Constitution

39. Plaintiff restates and realleges paragraphs 1 through 38 above as if the same had been set forth herein.

40. Plaintiff has been subjected to physical abuse by the DOC.

11

41. The defendants have full knowledge of these rights guaranteed by the Constitution and are depriving plaintiff and STU residents of these rights without due process of law.

## SIXTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITY

Cruel and Unusual Punishment
Violation of the Eighth Amendment to the United States Constitution

42. Plaintiff restates and realleges paragraphs 1 through 41 as if fully set forth herein.

43. Defendants have demonstrated deliberate indifference in failing to provide treatment for plaintiff's medical illnesses, which include hepatitis C and tuberculosis.

## SEVENTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITY

Violation of the Equal Protection Clause
of the 14th Amendment of the United States Constitution

44. Plaintiff restates and realleges paragraphs 1 through 43 as if fully set forth herein.

45. Defendants have purposefully discriminated against plaintiff because of his classification as a "sexually violent predator" by denying plaintiff the same level of treatment, care and rights that involuntarily committed individuals receive in other mental health facilities in New Jersey and by demonstrating impermissible animus toward him as a member of a disfavored group, without sufficient justification in violation of his rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment.

## EIGHTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS INTHEIR OFFICIAL CAPACITY

### Violation of the Americans With Disabilities Act, 42 U.S.C. §12132

46. Plaintiff restates and realleges paragraphs 1 through 45 as if fully set forth herein.

47. Defendants have discriminated against plaintiff in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12132 by: (i) failing to reasonably accommodate plaintiff's handicaps by not providing adequate mental health care to address his mental illness; (ii) taking disciplinary actions against plaintiff without reference to relevant mental health conditions; (iii) denying plaintiff's access to mental health treatment, educational, vocational and physical fitness programs afforded generally to other civilly committed persons; (iv) failing to administer services, programs and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities in violation of 28 C.F.R. § 35.130(d).

## NINTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITIES

### Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 504

48. Plaintiff restates and realleges paragraphs 1 through 47 as if fully set forth herein.

49. Defendants have discriminated against plaintiff in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as amended by the Civil Rights Restoration Act of 1987, by (i) failing to reasonably accommodate plaintiff's handicaps (ii) not providing adequate mental health care; (iii) taking disciplinary actions against

plaintiffs without reference to relevant mental health conditions; (iv) denying plaintiff access to mental health treatment, educational, vocational and physical fitness programs.

## TENTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

<u>Violation of Civil Rights of Civilly Committed Persons, N.J.S.A 30:4-24.1</u>

50. Plaintiff restates and realleges paragraphs 1 through 49 as if fully set forth herein.

51. Defendants have failed to ensure that the plaintiff's fundamental civil rights are protected and to ensure that he receive medical care and other professional services in accordance with accepted professional standards and have refused to allow plaintiff to participate in planning for his own treatment.

52. The defendants have thus violated the guarantees of civil rights and medical care for mentally ill provided in N.J.S.A. 30:4-24.1.

## ELEVENTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

<u>Violation of the New Jersey Patients Bill of Rights, N.J.S.A. 30:4-24.2</u>

53. Plaintiff restates and realleges paragraphs 1 through 52 as if fully set forth herein.

54. Defendants have failed to apply the Patients Bill of Rights to the STU. Specifically, Defendants have failed to ensure: (1) privacy and dignity; (2) the least restrictive conditions necessary to achieve the purposes of treatment; (3) to see visitors each day; (4) to regular physical exercise several times a week and to be outdoors at regular and frequent intervals; and (5) to receive prompt and adequate medical treatment for any physical ailment.

14

## TWELFTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

### Violation of the Right to Adequate Treatment
### Under the New Jersey State Constitution

55. Plaintiff restates and realleges paragraphs 1 through 54 as if fully set forth herein.

56. Defendants have failed to provide plaintiff with adequate mental health treatment that will offer him a realistic opportunity to cure or improve his condition, in violation of the New Jersey Constitution.

## PRAYER FOR RELIEF

57. Plaintiff has no adequate remedy at law to redress the wrongs set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the defendants as alleged herein, unless he is granted the relief requested herein.

58. Wherefore, plaintiff requests that this Court grant him the following relief:

   a. adjudge and declare that the acts, omissions, policies and practices of the Defendants violate 42 U.S.C. §1983; the Fifth and Fourteenth Amendments to the United States Constitution; the Substantive and Procedural Due Process Clauses of the Fourteenth Amendment of the United States Constitution; the Equal Protection Clause of the Fourteenth Amendment; and the Americans with Disabilities Act of 1994, 42 U.S.C. §12132; the Rehabilitation Act, 29 U.S.C. §794; the New Jersey state constitution and the New Jersey Patients Bill of Rights.

15

b. enjoin defendants, their agents, officials, employees and all persons acting in concert with them, under color of state law or otherwise, from continuing the unconstitutional and illegal acts, conditions and practices described in this Complaint.

c. order defendants, their agents, officials, employees and all persons acting in concert with them, under color of state law or otherwise to take all necessary actions to: (1) provide mental health treatment for plaintiff in accordance with accepted professional standards; (2) develop and implement a continuous quality improvement program with respect to the provision of progressive mental health treatment to STU residents; (3) substantially increase the amount of mental health counseling made available to plaintiff; (4) offer a reasonably individualized treatment program to plaintiff that provides him with an opportunity to participate and understand the program's goals; (5) provide additional and properly trained mental health staff; (6) provide independent and accurate evaluations of plaintiff's progress and develop independent and accurate risk assessment criteria; (7) provide equal access to treatment and privileges generally afforded to residents of other mental health facilities in New Jersey; (8) post and comply with all the requirements of the New Jersey Patients Bill of Rights.

d. grant plaintiff monetary damages for violations of state law.

e. attorney's fees pursuant to 42 U.S.C. §1988.

f. such other relief that the court deems just and proper.

Dated: October 25, 2002
Newark, New Jersey

        SETON HALL SCHOOL OF LAW
        CENTER FOR SOCIAL JUSTICE
        833 McCarter Highway
        Newark, New Jersey 07102
        (973) 642-8700

By: _____
        Baher Azmy (BA8406)

_____
Tara Nicola, D.N.J.L Civ. R. 101.1(h)

_____
Anthony Germano, D.N.J.L Civ. R. 101.1(h)

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102-5497
(973) 596-4500

By: _____
        Lawrence Lustberg (LL1644)

_____
Jennifer Ching, (JC5267)

Attorneys for Plaintiffs