PETER C. HARVEY
Attorney General of New Jersey
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants, David Samson,
 Glenn Ferguson and Officer Torres

By:   Mary Beth Wood (MEW4240)
      Deputy Attorney General
      (609) 341-3689

      Victoria L. Kuhn (VLK6641)
      Deputy Attorney General
      (609) 633-1971

      Tamara L. Rudow (TLR7631)
      Deputy Attorney General
      (609) 292-8230

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | | |
|---|---|---|
| ROBERT MCGARREY, | ) | HON. DENNIS M. CAVANAUGH, U.S.D.J. |
| Plaintiff, | ) | Civil Action No. 01-790(DMC) |
| v. | ) | ANSWER AND JURY DEMAND |
| DAVID SAMSON, GLENN FERGUSON and OFFICER TORRES, | ) ) | |
| Defendants. | ) | |

Defendants, David Samson, Glenn Ferguson and Officer Torres, hereinafter referred to as "Defendants" by way of Answer to plaintiff's Amended Complaint state:

## PRELIMINARY STATEMENT

1. Answering Defendants makes no answer as no allegations are raised.

2. Denied.

3. Denied.

## JURISDICTION

4. It is admitted that the District Court has jurisdiction to consider allegations of deprivation of Federal Constitutional Rights pursuant to 42 U.S.C. §1983 and its jurisdictional counterparts, and the Fourteenth Amendment of the United States Constitution.

5. It is admitted that venue is proper with the District Court.

## PARTIES

6. Admit.

7. Denied that David Samson is the current Attorney General.

8. Admitted.

9. Pursuant to Court Order, dated November 19, 2003, James W. Smith, Jr. has been dismissed without prejudice from this litigation.

10. Pursuant to Court Order, dated November 19, 2003, Alan G. Kaufman has been dismissed without prejudice from this litigation.

11. Pursuant to Court Order, dated November 19, 2003, Commissioner Devon Brown has been dismissed without prejudice from this litigation.

12. Admitted that Officer Torres is employed by the New Jersey Department of Corrections.

### FACTUAL ALLEGATIONS

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied that the STU is staffed almost exclusively by DOC officers, rather than DHS employees. Admitted that the DOC does not play a role in the mental health treatment of residents.

23. Denied.

24. Denied.

25. Denied.

### FIRST CAUSE OF ACTION

26. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

Case 2:01-cv-00789-SDW-LDW   Document 50   Filed 01/27/04   Page 4 of 11 PageID: 157

27. Pursuant to Court Order, filed November 18, 2003, Count One of plaintiff's Complaint has been dismissed.

28. Pursuant to Court Order, filed November 18, 2003, Count One of plaintiff's Complaint has been dismissed.

## SECOND CAUSE OF ACTION

29. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

30. At oral argument on defendant's motion to dismiss plaintiffs' Amended Complaint on November 10, 2003, plaintiffs withdrew the Second Cause of Action.

31. At oral argument on defendant's motion to dismiss plaintiffs' Amended Complaint on November 10, 2003, plaintiffs withdrew the Second Cause of Action.

## THIRD CAUSE OF ACTION

32. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

33. Denied.

34. Denied.

## FOURTH CAUSE OF ACTION

35. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

36. At oral argument on defendant's motion to dismiss plaintiffs' Amended Complaint on November 10, 2003, plaintiffs withdrew the Fourth Cause of Action.

37. At oral argument on defendant's motion to dismiss plaintiffs' Amended Complaint on November 10, 2003, plaintiffs withdrew the Fourth Cause of Action.

## FIFTH CAUSE OF ACTION

38. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

39. Denied.

40. Denied.

## SIXTH CAUSE OF ACTION

41. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

42. Pursuant to Court Order filed November 15, 2003, this count alleging violation of the Equal Protection Clause has been dismissed.

## SEVENTH CAUSE OF ACTION

43. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

44. Denied.

## NINTH CAUSE OF ACTION

45. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

46. Denied.

### TENTH CAUSE OF ACTION

47. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

48. At oral argument on defendant's motion to dismiss plaintiffs' Amended Complaint on November 10, 2003, plaintiffs withdrew all State law claims.

49. At oral argument on defendant's motion to dismiss plaintiffs' Amended Complaint on November 10, 2003, plaintiffs withdrew all State law claims.

### ELEVENTH CAUSE OF ACTION

50. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

51. At oral argument on defendant's motion to dismiss plaintiffs' Amended Complaint on November 10, 2003, plaintiffs withdrew all State law claims.

### TWELFTH CAUSE OF ACTION

52. Defendants repeat and incorporate by reference the previous answers as if fully set forth at length herein.

53. At oral argument on defendant's motion to dismiss plaintiffs' Amended Complaint on November 10, 2003, plaintiffs withdrew all State law claims.

### PRAYER FOR RELIEF

54. Defendants deny any allegation of wrongdoing or violations of plaintiff's rights and specifically deny any unlawful

actions in this matter and/or any damages allegedly suffered by plaintiff.

55(a-f). Defendants deny any allegation of wrongdoing or violations of plaintiff's rights and specifically deny any unlawful actions in this matter and/or any damages allegedly suffered by plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any right, privilege or immunity secured to him by the United States Constitution or any Act of Congress.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any right, privilege or immunity secured to him by the Constitution and laws of the State of New Jersey.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the defendants upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

The defendants' are protected by the doctrine of qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants herein are officials of an agency of the State of New Jersey and at all times relevant were performing acts within the scope of their official duties in good faith without fraud or malice, in the exercise of discretionary authority pursuant to state law, and are immune from any liability sought to be imposed upon them.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants are not liable to plaintiff for wrongful acts, which wrongful acts are specifically denied, committed solely by their agents since those acts do not represent official policy.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants did not breach any duty owed to the plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

The defendants herein did not know, and were not reasonably expected to know, that any actions taken by them with respect to this plaintiff, at all times relevant hereto, were in violation of plaintiff's constitutional rights.

**TENTH AFFIRMATIVE DEFENSE**

Recovery is barred in this action by reason of the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Recovery is barred by the doctrine of collateral estoppel and res judicata.

8

### TWELFTH AFFIRMATIVE DEFENSE

Any injuries or damages claimed by plaintiff resulted solely and proximately from plaintiff's own negligence and or intentional acts.

### THIRTEENTH AFFIRMATIVE DEFENSE

The answering defendants acted in good faith at all times relevant to the events involving the factual basis upon which this suit has been instituted.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendants are protected under the professional judgment standard.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendants are immune from suit.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are not guilty of negligence and violated no duty to plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of the defendants was not the proximate cause of any injuries which may have been sustained by plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

Damages, if any sustained by the plaintiff were the result of the actions of persons and/or entities over whom the defendants had no control.

### TWENTIETH AFFIRMATIVE DEFENSE

The complaint is frivolous and states no substantial federal question.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants are not persons within the meaning of 42 U.S.C. §1983.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The answering defendants reserve the right to interpose each and every such other separate defenses that continuing investigation and discovery may indicate.

### RESERVATION OF RIGHTS

The answering defendants reserve the right, at or before trial, to move to dismiss the complaint and/or move for summary judgement, on the grounds that the complaint fails to state a claim upon which relief can be granted and/or the defendant is entitled to judgment as a matter of law, based on any or all of the above defenses.

### DESIGNATION OF TRIAL COUNSEL

Please be advised that Victoria L. Kuhn, Deputy Attorney General, is hereby designated as trial counsel.

## JURY DEMAND

Defendants seek a trial by jury as to all issues contained in plaintiff's Amended Complaint.

PETER C. HARVEY
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Mary Beth Wood
Deputy Attorney General

Dated: 1/23/04