NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALVES, *et. al.* | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 01-CV-0789 (DMC) (MF) |
| FERGUSON, *et. al.* | (Consolidated) |
| Defendants. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon application for injunctive relief by certain residents of the Department of Corrections Special Treatment Unit facility in Kearney, N.J. ("Movants").[1] Movants ask this Court to order that (a) the resident population at the Annex (another DOC facility in New Jersey) not be increased without leave of the Court, and (b) the State must provide Movants' counsel with at least 30 days notice of any proposed transfer of the resident population currently housed in the Kearney facility, so that the residents may have the opportunity to be heard on such transfer and to seek Court intervention if necessary. Defendants William F. Plantier, Paul Lagana, Grace Rogers and Devon Brown ("Defendants"), respond that Movants have failed to establish that

---

[1] Movants are one of several groups of plaintiff's involved in this litigation. The moving plaintiffs include: Salaam H. Abdullah, Richard Bagarozy, Darrick Bailey, Craig Blue, Lamont Brooks, Fred Brown, Grady Brown, Gilbert Davis, Jason Davis, John DeAngelis, Gerald Dooley, Frederick Dubose, Michael Gargiulo, Walter Harrell, Michael Hasher, Miguel Lorenzo, Bharat Malde, Douglas Minatee, Jason D. Overby, Charles F. Peters, Steve Rasinski, Rodney Roberts, Edward Salerno, Karl Siegle, Jabozz Spence, Emilio Velez, Ralph Waldron and John Walker.

injunctive relief is appropriate.

For the reasons discussed below, Movants' application for injunctive relief is **denied**.

### BACKGROUND

Movants are residents of the Department of Corrections ("DOC") Special Treatment Unit facility in Kearney, N.J. They are involuntarily committed pursuant to the Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 *et seq*. The DOC is responsible for operating the facilities designated for Sexually Violent Predators ("SVPs"), and the Department of Human Services ("DHS") provides for their treatment. See N.J.S.A. 30:4-27.34(a)-(b); Jennings v. Rogers, 2008 U.S. Dist. LEXIS 36787, at *21 (D.N.J. May 2, 2008). SVPs are currently housed in two facilities: the Kearney facility and the Annex (located on the grounds of East Jersey State Prison). The underlying lawsuit challenges the conditions of confinement for the SVPs in these facilities, and the suit names both DOC and DHS officials as defendants. The plaintiffs' claims against DOC officials concern the physical facilities, and the claims against DHS officials concern the treatment programs provided to the SVPs housed therein.

Pursuant to County of Hudson v. State of New Jersey the State of New Jersey is required to turn over the premises of the Kearney facility to the County of Hudson by May 18, 2010. See 2009 N.J. Super. Unpub. LEXIS 1188, at *19 (N.J. Super. A.D.). Accordingly, the State must locate another temporary or permanent facility to house the SVPs currently living there.

On January 11, 2010, Movants' counsel requested that the State agree not to house any additional residents in the Annex facility (e.g., transfer residents from the Kearney facility to the Annex), and further that the State provide residents of the Kearney facility with at least 30 days

notice of any transfer to a new location. The State did not agree to the proposal, and this application for injunctive relief followed.

## APPLICABLE LAW

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted).

To determine whether injunctive relief is appropriate, a court must consider (1) the likelihood of success on the merits of the underlying claim; (2) whether the movant will be irreparably injured if such relief is not granted; (3) the possibility of harm to other interested persons from the grant or denial of the injunction; and (4) whether the public interest will be served by the relief sought. See Opticians Ass'n of Am. v. Ind. Opticians of Am., 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue injunctive relief "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." AT&T Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994) (citation omitted); see The Nutrasweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999).

## DISCUSSION

Movants have not established (1) a likelihood of success on the merits of their claim, or (2) that they will suffer irreparable harm if the requested relief is not granted. Their application for injunctive relief is, accordingly, denied.

### 1. LIKELIHOOD OF SUCCESS ON THE MERITS

Movants contend that the DOC is planning to move them from the Kearney facility to the Annex facility. See Plaintiff's Brief in Support of Injunctive Relief ("Pl. Br.") at 10, 12. Based on this presumption, Movants assert that they will be subjected to inadequate conditions of confinement (e.g., overcrowding). In turn, Movants argue that they will ultimately prevail on the merits of their claim by "establishing that the overcrowding at the Annex and any transfer of the Kearny residents to a prison would be unacceptable." Pl. Br. at 12.

Defendants respond that Movants have failed to demonstrate a likelihood of success for at least two reasons. First, Defendants argue that Movants have inappropriately assumed that they are being transferred to the Annex—and this assumption forms the basis of their application for injunctive relief. Significantly, on March 26, 2010, it was indicated to this Court that a location other than the Annex has been selected as the new housing location for the Kearney residents. Second, Defendants assert that Movants rely on inadmissible evidence in their effort to demonstrate that the new (anticipated) facilities will be inadequate.

This Court agrees with Defendants, and finds that Movants have not established a likelihood of success on the merits. Movants, relying on a February 3, 2010 newspaper article, assert that they (i.e., residents of the Kearney facility) will be relocated to the Annex. They argue, then, that the conditions of their confinement will be unacceptable, as the Annex will be overcrowded and have insufficient resources for the additional residents. At the time of their motion, Movants' contention regarding the location of their transfer was unwarranted speculation. In fact, after the briefing on this motion was completed, Defendants provided a certification to this Court indicating that another location (i.e., not the Annex) would be the new housing location. As such, Movants' motion is

premised upon a now-outdated (and apparently incorrect) presumption. Movants cannot establish a likelihood of success on the merits of their claim.

Moreover, while the N.J. Appellate Division ruled that the Kearney facilities must be turned over to the County, and thus the SVPs living there relocated, the ruling did not provide for a particular location for the affected residents. The Appellate Division afforded the DOC until May 17, 2010 to relocate the Kearney residents. Therefore, even if there is still some degree of uncertainly as to the location(s) of the eventual transfer, Movants' motion for injunctive relief is premature at this time.

Although Movants' application for injunctive relief must be denied for the reasons stated above, the Court also notes that Movants, throughout their brief, rely on certain "evidence" that the current and future facilities (which have not even been identified at this time) are inadequate. In particular, they mischaracterize a report prepared by Dr. Judith Becker. See, e.g., Pl. Br. at 10, 12-13. Dr. Becker was hired as a joint neutral expert upon agreement of counsel for the plaintiffs and the DHS. She was specifically retained to prepare a report addressing resident treatment programs, and was not hired to assess the physical facilities. (Indeed, the DOC, who is charged with maintaining the facilities, did not agree to hire her as a joint neutral expert.) This fact notwithstanding, Movants repeatedly rely upon Dr. Becker's report as evidence that the current facilities and future facilities are inadequate. The Court finds this reliance to be misplaced.

For the reasons stated, Movants have not established a likelihood of success on the merits on their claim, and their application for injunctive relief must be denied.

### 2.     IRREPARABLE HARM

Movants have failed to show that they will suffer irreparable harm if the requested relief is not granted.

Regardless of where the Kearney facility residents are ultimately transferred, they may bring an action challenging the conditions of this new confinement at that time. Movants' request that the Court order injunctive relief ensuring that they may challenge their (anticipated) housing conditions is, therefore, unnecessary. Movants have not demonstrated that they will suffer irreparable harm.

### 3.     HARM TO OTHER PARTIES & THE PUBLIC INTEREST

Having failed to demonstrate that the first two requirements for injunctive relief are satisfied, Movants' application must be denied. The Court, however, also notes that the third and fourth factors do not weigh in favor of granting the relief sought.

Movants, here, essentially request that this Court delineate the time and/or the manner in which the Commissioner may exercise his discretion to transfer residents in DOC custody. Such relief is not in the best interest of other interested parties or the public.

The Commissioner of the DOC oversees the housing arrangements for individuals involuntarily committed pursuant to the SVP Act. N.J.S.A. 30:4-27.34(a). He is specifically empowered to designate the place(s) of confinement for inmates/residents in DOC custody. See N.J.S.A. 30:4-91.1. Part of the wide discretion afforded to the Commissioner includes the ability to transfer residents as appropriate. See N.J.S.A. 30:4-85. The DOC, its residents and its employees, are all best served by permitting flexibility in the DOC's placement determinations. See Defendants' Brief in Opposition at 8-11  Accordingly, granting the relief sought by Movants would

cause harm to other interested parties, and to the public at large.

## **CONCLUSION**

For the reasons stated, Movants' application for injunctive relief is **denied**.


                                        S/ Dennis M. Cavanaugh
                                        Dennis M. Cavanaugh, U.S.D.J.

Orig.:        Clerk's Office
cc:          All Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File