0NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALVES, *et. al.* Plaintiffs, | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| FERGUSON, *et. al.* Defendants. | Civ. No. 01-CV-0789 (DMC) (MF)<br>Civ. No. 04-CV-3066 (DMC) (MF)<br>(Consolidated) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Correctional Medical Services, Inc. ("CMS") for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c), as to the identical Complaints filed by the individual plaintiffs in Bagarozy v. Harris, 04-3066. The motion is unopposed.

Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Having considered CMS's submissions, and for the reasons stated herein, CMS's motion is **granted**.

## I. BACKGROUND[1]

Plaintiffs are involuntarily committed pursuant to the Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 *et seq*. The Department of Corrections ("DOC") is responsible for operating the facilities designated for Sexually Violent Predators ("SVPs"), and the Department of Human Services

[1] The facts in the Background section have been taken from the parties' submissions.

("DHS") provides for their treatment. See N.J.S.A. 30:4-27.34(a)-(b); Jennings v. Rogers, 2008 U.S. Dist. LEXIS 36787, at *21 (D.N.J. May 2, 2008). Correctional Medical Services ("CMS") is a private company that provides medical services to inmates, pursuant to a contract with the State of New Jersey.

On February 15, 2001, Plaintiff in the matter of Alves v. Ferguson filed a *pro se* complaint (the "Alves Complaint") against officials of the DOC. Subsequently, multiple complaints against the same defendants filed by other SVPs housed in the same location were joined with the Alves Complaint. See Civ. No. 01-0789, Docket Entry Nos. 24, 40. The Alves Complaint did not name CMS as a defendant.

On June 29, 2004, Plaintiff in the matter of Bagarozy v. Harris filed a *pro se* complaint against officials of the DOC, the DHS and CMS (collectively, "Defendants") alleging violations of his constitutional rights under 42 U.S.C. § 1983. Bagarozy's Complaint was the first of approximately 25 complaints filed by SVPs housed in the Annex facility, alleging identical claims. In particular, the complaints allege that the DOC, the DHS and CMS violated Plaintiffs' First, Fourth, Sixth, Eighth and Fourteenth Amendment rights, as well as their rights under N.J. STAT. ANN. § 30:4-27.11b. See Bagarozy Complaint, at 12-13.

CMS filed an original answer to the Bagarozy Complaint on August 30, 2004. Thereafter, the Court consolidated the multiple complaints in an Order dated September 14, 2004, and named Bagarozy as the lead consolidated case. See Civ. No. 04-3066, Doc. No. 16. On January 17, 2005, CMS filed an Amended Answer to the consolidated Complaints (referred to herein as the "Bagarozy Complaint"). In March 2006, *pro bono* counsel entered a notice of appearance for Plaintiffs. See Civ. No. 04-3066, Doc. No. 83.

On January 4, 2008, the Court entered an order consolidating Bagarozy with the proceedings in Alves. See Civ. No. 04-3066, Doc. No. 100. In light of the fact that CMS was not a named defendant in the Alves Complaint, the Order expressly reserved the right for CMS to file a dispositive motion. See id. On January 21, 2010, CMS filed the instant motion, seeking a judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) as to the Bagarozy Complaint.[2]

## II. APPLICABLE LAW

FED. R. CIV. P. 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. A Rule 12(c) motion must be decided using the same guidelines used to decide a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir.2004) ("There is no material difference in the applicable legal standards").

In deciding a motion for judgment on the pleadings, all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atlantic Corp. v. Twombly the Supreme Court clarified the Rule 12(b)(6) standard. 550 U.S. 544 (2007). Specifically, the Court "retired"

[2] The Bagarozy Plaintiffs include: Richard Bagarozy, Grady Brown, Rodney Roberts, Edward Salerno, Lamont Brooks, Douglas Minatee, Salaam Abdullah, Emilio Velez, Ralph Waldron, Gilbert Davis, Michael Hasher, Bharat Malde, Karl Siegle, Gerald Dooley, Jason Davis, John Walker, Frederick Dubose, Steve Rasinski, Craig Blue, and Fred Brown. See Civ. No. 04-3066, Doc. No. 16.

the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In evaluating a motion for judgment on the pleadings, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). If no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint, the Court may dismiss the Complaint for failure to state a claim. See Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).

As with a motion under 12(b)(6), on a motion for judgment on the pleadings "[t]he defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

## III. DISCUSSION

CMS moves for judgment on the pleadings as to Plaintiffs' Section 1983 claims. Plaintiffs assert four causes of action premised upon their assertions that: first, Defendants (i.e., the DOC, the DHS and CMS) failed to provide adequate treatment; second, the conditions of Plaintiffs' confinement are repressive and punitive; third, Plaintiffs were denied access to libraries, including a law library; and fourth, Plaintiffs have been subjected to unreasonable searches and seizures.

CMS contends that **(A)** with respect to an alleged failure to provide treatment (i.e., the first

cause of action), Plaintiffs' Complaint does not contain any assertions that support this cause of action as against CMS, and **(B)** CMS is in no way responsible for the allegations contained in Plaintiffs' Second (Unreasonable Restrictions), Third (Denial of Access to Library and Law Library) or Fourth (Unreasonable Searches and Seizures) causes of action. Def. Br. at 7-10. The Court agrees, and for the reasons set forth below, Defendant's motion for judgment on the pleadings is **granted**.

**A. Plaintiffs Have Not Alleged Facts Sufficient to Support Their First Cause of Action**

CMS moves to dismiss Plaintiffs' claims based upon an alleged failure to provide medical treatment.

In their first cause of action, Plaintiffs allege that "[t]he actions of [D]efendants constitute an unreasonable and unwarranted failure to provide [P]laintiff[s] with the best available and most qualified unbiased treatment in violation of [their] rights, privileges and immunities guaranteed by the Fourteenth Amendment...and [N.J. STAT. ANN. §] 30:4-27.11b." Complaint ¶¶ 18-20, 26. CMS argues that Plaintiffs' first cause of action is devoid of any allegations to support these claims as against CMS. The Court agrees.

In Hemphill v. Hochberg and Corr. Med. Servs., Inc., the Court dealt with a similar complaint lodged against CMS. 2008 U.S. Dist. LEXIS 50623 (D.N.J. June 26, 2008). In determining whether the plaintiff had properly asserted a claim against CMS, Judge Greenaway explained:

> CMS is a private company that provides medical services to inmates, pursuant to a contract with the State of New Jersey. See Riggs v. Corr. Med. Serv., No. 03-2246, 2005 U.S. Dist. LEXIS 18151, at *8 (D.N.J. Aug. 18, 2005). A "private company that provides health services to [] inmates" may be held liable under §1983. Natale v. Camden County Corr. Facility, 318 F.3d 575, 578 (3d Cir. 2003).

> Section 1983 liability, however, may not be imposed vicariously or under a theory of respondeat superior. Id. at 583. Rather, to sustain a §1983 claim against CMS, a plaintiff must show that "there was a relevant [CMS] policy or custom" that caused the alleged constitutional deprivation. Id. at 583-84. "To hold a supervisor liable under § 1983 for failure to properly supervise, 'the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.'" Boyd v. Bergen County Jail, No. 07-769, 2007 U.S. Dist. LEXIS 42066, at *2 (D.N.J. June 7, 2007) (citing Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001)). "The supervisory liability test can be met by (i) showing that the supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff's, or (ii) showing that the risk of constitutionally cognizable harm was so great and so obvious that the risk and the failure of supervisory officials to respond will alone support finding that the four-part test is met." Id. (internal citations and quotations omitted).

Id. at *16-18. There, the plaintiff attempted to hold CMS responsible for the actions of its employees by pleading, in relevant part:

> The employer Correctional Medical Services, Inc. is responsible for the action of their employees which are following company policies and procedures . . . CMS and its employees are ethically responsible for failing to tell patients about potentially life threatening conditions which is a fundamental breach of standard medical practice . . . CMS has shown there is a lack of screening, no management of chronic or infectious disease, badly kept records, patients are given creams without seeing Doctors.

See 2008 U.S. Dist. LEXIS 50623, Civ. No. 07-2162, Doc. No. 6, at 12-13. The Court in Hemphill concluded that the plaintiff's pleadings had not alleged sufficient facts to maintain a Section 1983 claim against CMS for violations of constitutional rights allegedly committed by its employees. See id. at *19.

As in Hemphill, here, the Bagarozy Complaint appears to assert claims against CMS based on a theory of supervisory liability. Plaintiffs plead the following:

> CMS is a medical service corporation contracted by State of New jersey to provide medical services to plaintiff while held in the custody of the DOC. CMS has at all

> times been responsible for providing medical treatment and staff personnel to monitor plaintiff's health at [the Kearney facility] and its Annex, and directly responsible for the violation of plaintiff's constitutional rights. CMS has directly participated in and/or known about its employees' violations of plaintiff's constitutional rights and exercised reasonably close supervision of the personnel who are responsible for violating plaintiff's constitutional rights herein.

Complaint ¶ 16. This excerpt is the entirety of Plaintiffs' allegations that specifically concern CMS, and is insufficient to state a claim that CMS (acting in its supervisory capacity), violated their Fourteenth Amendment rights. First, Plaintiffs did not plead the existence of any policy or practice on the part of CMS that created an unreasonable risk of injury. Second, other than making a conclusory assertion that CMS "participated in and/or [knew] about its employees' violations of plaintiff's constitutional rights," Plaintiffs' have not alleged facts showing that CMS was actually aware of any risks created by its employees' alleged actions. See Iqbal, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Finally, Plaintiffs have not pointed to any specific facts indicating that CMS's actions or inactions are responsible for any constitutional violations affecting their ability to receive the "best available and most qualified unbiased treatment." Just as in Hemphill, Plaintiff's claims must be dismissed. See 2008 U.S. Dist. LEXIS 50623, at *16-18 (dismissing claims where Plaintiff failed to "point[] to any specific policy that sanctions the CMS employees' actions outlined in the Amended Complaint. Nor has Plaintiff shown that CMS was aware of, and thus indifferent to, the risks created by its employees' alleged actions.").[3]

Even liberally construing Plaintiffs' pleadings in light of their *pro se* status at the time of drafting, Plaintiffs' conclusory assertions against CMS do not meet the requirements of FED. R. CIV.

---

[3] In fact, it appears that the plaintiff in Hemphill plead his failure to provide treatment claims with substantially more specificity than Plaintiffs here. Id. at 18.

P. 8(a)(2). See Iqbal, 129 S.Ct. at 1950. Plaintiffs' first cause of action is dismissed.

**B. Plaintiffs Have Not Alleged Facts Sufficient to Support Their Second, Third and Fourth Causes of Action**

In their second, third and fourth causes of action, Plaintiffs contend that Defendants (i.e., the DOC, the DHS and CMS) subjected them to unreasonable conditions of confinement, denied them access to the library and law library, and performed unreasonable searches and seizures. Complaint ¶¶ 27-29. CMS does not dispute the validity of Plaintiffs' allegations, but rather, asserts that it has no responsibility for, or involvement in, the conduct giving rise to these causes of action. Indeed, Plaintiff failed to plead any factual allegations suggesting otherwise. Def. Br. at 9-10; see Section III.B supra (noting that paragraph 16 of the Bagarozy Complaint was the only mention of CMS in the Complaint).

As noted earlier, Plaintiffs' Complaint specifically alleges that CMS is "responsible for providing medical treatment and staff personnel to monitor [P]laintiff[s'] health." Complaint ¶16. Plaintiffs' second, third and fourth causes of action, however, are premised on assertions related to policies, procedures and practices that are unrelated to the medical treatment received by residents. Accordingly, as there is no indication that CMS is even minimally involved in such conduct these causes of action must be dismissed.

**C. State Law Claim**

To the extent Plaintiffs are asserting a claims based upon N.J. STAT. ANN. § 30:4-27.11b, the Court declines to exercise supplemental jurisdiction over the State law claims. See Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999) (a district court may decline to extend supplemental jurisdiction over a claim if it has dismissed all claims over which it had original

jurisdiction); 28 U.S.C. § 1367(c)(3). Given this Court's finding that Plaintiffs' failed to state any federal claims against CMS, the Court will not exercise jurisdiction over any related state law claim(s).

## IV. CONCLUSION

For the foregoing reasons, CMS's motion for judgment on the pleadings is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated: August 8, 2010
Original: Clerk
cc: Hon. Mark Falk, U.S.M.J.
All Counsel of Record
File