UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND ALVES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL MAIN, Ph.D., et al., <br><br> Defendants. | No. 01 Civ. 789 (DMC) (MF) <br> (Consolidated) <br><br> **[PROPOSED] MODIFIED ORDER** |

**WHEREAS**, this is a civil rights action brought by plaintiffs Raymond Alves, Michael Culbreth, and Derrick Sessoms ("Plaintiffs"), who are residents of the New Jersey Special Treatment Unit ("STU"), involuntarily confined pursuant to the New Jersey Sexually Violent Predator Act, N.J.S.A. §§ 30:4-27.24 et seq. ("NJSVPA"), against Merrill Main, Ph.D., Jennifer Velez, Lynn A. Kovich and Jeffresy S. Chiesa ("Defendants"), who are the New Jersey officials responsible for the mental health treatment program at the STU, seeking declaratory and injunctive relief on behalf of themselves and all other residents similarly situated; and

**WHEREAS**, in their Second Amended Complaint, Plaintiffs allege that Defendants have failed to provide the minimally adequate mental health treatment required by federal and state law to justify the indefinite civil confinement of the Plaintiffs and those similarly situated in the STU; and

**WHEREAS**, Plaintiffs allege claims pursuant to 42 U.S.C. § 1983, individually and on behalf of all persons similarly situated, for violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; the Americans with Disabilities Act, 42 U.S.C. § 12132; the Rehabilitation Act, 20 U.S.C. § 794; the right to adequate treatment under the New

Jersey Constitution; and the rights of civilly committed persons under N.J.S.A. §§ 30:4-24, 30:4-24.1, and 30:4-27.34; and

**WHEREAS**, the Plaintiffs and the Defendants (collectively the "Parties") stipulate that Defendants would deny the material factual allegations asserted in the Second Amended Complaint if required to answer it; and

**WHEREAS**, Plaintiffs have engaged in both formal and informal discovery; and

**WHEREAS**, Plaintiffs have engaged in extensive settlement negotiations with Defendants, presided over, in part, by the Court; and

**WHEREAS**, various other STU residents have filed complaints alleging similar and/or overlapping claims, and such claims have been consolidated with the present litigation, but no discovery or settlement negotiations have been conducted by the plaintiffs in the consolidated cases; and

**WHEREAS**, the Parties, after considering the costs and risks associated with litigation, and desiring to resolve their dispute so as to benefit all residents of the STU, have agreed to settle this action, subject to the approval of the Court;

**NOW THEREFORE,** the Court having considered the Parties' joint motion to certify a class, schedule a settlement fairness hearing, and approve the form and manner of notice to the class and reviewed the pleadings and papers filed; and for good cause shown,

**THE COURT HEREBY FINDS THAT**:

1. The proposed Class, consisting of all persons who are committed or confined pending commitment to the New Jersey STU pursuant to the NJSVPA, is so numerous that joinder of all members is impracticable.

2. There are questions of law and fact common to the proposed Class.

3. The claims of Plaintiffs Alves, Culbreth and Sessoms are typical of the claims of the proposed Class.

4. Plaintiffs Alves, Culbreth and Sessoms will fairly and adequately protect the interests of the proposed Class.

5. The Defendants have acted or refused to act on grounds that apply generally to the proposed Class, so that injunctive and declaratory relief is appropriate with respect to the Class as a whole.

6. The proposed form and manner of the notice to be given to the Class, including the Notice attached as Exhibit B to the Declaration of Barbara Moses ("Moses Declaration"), submitted in support of the joint motion, is reasonable.

**IT IS** on this _____ day of _____, 2012

**ORDERED** that the joint motion for class certification pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, is **GRANTED**; and it is further

**ORDERED** that the Class is defined to include all persons who are committed or confined pending commitment to the New Jersey Special Treatment Unit pursuant to the New Jersey Sexually Violent Predator Act, N.J.S.A. §§ 30:4-27.24 et seq.; and it is further

**ORDERED** that Plaintiffs Raymond Alves, Michael Culbreth, and Derrick Sessoms are hereby designated Class Representatives; and it is further

**ORDERED** that Gibbons P.C. and the Seton Hall University School of Law Center for Social Justice are hereby appointed Class Counsel; and it is further

**ORDERED** that the Settlement, as memorialized in the Settlement Agreement ("Agreement") attached as Exhibit A to the Moses Declaration, is preliminarily approved as fair,

reasonable, and adequate, subject to further consideration and hearing by this Court; and it is further

**ORDERED** that notice of the certification of the Class and of the proposed Settlement shall be given to the members of the Class ("Class Members") as follows:

1. Class Counsel and counsel for the Defendants shall cooperate to deliver the Notice to all Class Members on or before **April 13, 2012**; and

2. Copies of the Notice shall be posted on bulletin boards in each wing of the STU, as well as the annex, on or before **April 13, 2012**; and

3. Complete copies of the Agreement shall be available for review within the STU on or before **April 13, 2012**, and a copy shall be furnished to any resident who places a request in a Social Work Request box within the STU; and it is further

**ORDERED** that Class Members wishing to object to or comment on the Settlement shall submit their objections and/or comments to Class Counsel, either by mailing them to Class Counsel at the address set out in the Notice or by placing them in a Social Work Request box at the STU, in either case on or before **May 14, 2012**; and it is further

**ORDERED** that Class Counsel shall be responsible for the receipt and organization of any objections or comments to the Settlement timely submitted by any Class member, and shall present such objections to this Court on or before **June 12, 2012**; and it is further

**ORDERED** that the Court will hold a hearing ("Fairness Hearing") on **July 9, 2012** at 9:30 a.m., or as soon thereafter as practicable, before the undersigned in Courtroom 4 of the United States District Court for the District of New Jersey, U.S. Post Office and Courthouse Building, 50 Walnut Street, Newark, New Jersey 07101, to determine whether the Settlement is

fair, reasonable and adequate to the Class. All briefs and other papers in support or opposition to the Settlement shall be served and filed in accordance with Local Civil Rules 7.1 and 7.2.

**SO ORDERED.**

_____
Dennis M. Cavanaugh
United States District Judge