Michael Hasher
Special Treatment Unit
P.O. Box 905
Avenel, NJ. 07001
PH.:732-574-8560

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

RAYMOND ALVES, et al.,

      Plaintiff's

    v.

MERRILL MAIN, Ph.D., et al,

      Defendants.

**CIVIL ACTION No. 789 (DMC) (MF)**

**Civil Action No. 07-1212 (DMC)**
(Consolidated with above case).

MICHAEL HASHER

      Plaintiff's,

    v.

JON CORZINE, et al.,

      Defendants.

# RE: NOTICE OF MOTION TO AMEND THIS COMPLAINT PURSUANT TO Fed. R. P15. et.

Dear Hon. Judge:

    I, lead Plaintiff, Michael Hasher, is in the above mention consolidated case, and is at all times mentioned herein in, the custody of the State of New Jersey, held in Civil confinement, in the custody of the Department of Corrections [DOC] for security, and by the Department of Human Services [DHS] for treatment under the supervision of the Mental Health Division [MHD] pursuant to a petition filed by the Attorney Generals Office, pursuant to N.J.S.A. § 30.4-27, et seq., the Sexual Violent Predator Act ["SVPA"] .

### PROCEDURAL FACTS:

1a. On July 26, 2007 Hasher v. Corzine No. 07-1212 (DMC) was filed, with Plaintiff's:

1b. Michael Hasher

1c. Robert Deavers

1d. Joseph Aruanno

1e. Richard Bagarozy.

2a.   On August 8, 2010 or around such date, the Hasher case has consolidated with the Raymond Alves lawsuit No. 01 Civ. 0789 (DMC) (MF).

3a.   On March 26, 2012, Lead Plaintiff Michael Hasher had written the Court, Attorney General and the Law firm of Gibbons, PC. (Jonathon M. Manes) complaining that he had not been informed that a Settlement and a Fairness hearing had been negotiated, on February 2012 between parties of the Set Hall Law School (Ms. Moses), Attorney General (Susan Doughty) and the two Attorney's from the Law Firm of Gibbons P.C., (Mr. Lustburg & Mr. Manes), also noted in Hasher letter was confirmation that the Lawyer's of Gibbon law firm, in their Certification to the Court stated that they had served all consolidated case's, and their lead plaintiff's, a copy of the Settlement & Fariness negotiations, and exhibit's A & B.   **All of which wasn't true.**

8a.   On March 28, 2012, Mr. Jonathan Manes, from Gibbons Law Firm, gave a written response letter to Mr. Hasher and the Court stating, that he hadn't been aware, until Mr. Hasher had written the Court and himself, that he was representing himself in his case, and that it was consolidated, however, he will be sending all submission to the court and a copy to Mr. Hasher and the plaintiff's in his case a copy of future filing's.

## THEREFORE:

9a.   Therefore: As Lead Plaintiff in the consolidated case, proves that knowone in the <u>Hasher v. Corzine</u> case had any input in the settlement, at all.  And strongly disagree with the settlement as is. And this is true with the <u>Bagarozy v. Harris</u> case  No. 04-cv-3066, that also consolidated with Raymond Alves case, we "All" disagree with this proposed settlement.

For the reason's mentioned above, We strongly seek you to grant us to Amend this consolidated case with the following:

10a.   As presented by Plaintiff's in the case of <u>Hasher v. Corzine</u>, No. 07-1212, in 2007, A NEW APPROACH AND REASON FOR CHANGE: (Quoting Texas Program). See enclosed program as **Exhibit [C]**.

10b.   Page 9,   Comparison of both Outpatient vs Inpatient.

10c.   Page 10, Cost: Inpatient, (New Jersey) 125k to 160k each SVP., vs   Outpatient Civil Commitment, $ 30k each SVP., which includes GPS., ect.

10d. Page 10, According to the Texas outpatient program, states that it has advantages of maintaining the highest level of protection available to the community while protecting the civil rights of the client through a restricted transition and assimilation back into the community.

10e. Page 6, The Governor signed Senate Bill 365, which established the first outpatient civil commitment program in the United States and the Counsel began implementation and administration of the Civil Commitment Program for the Sexually Violent Predators.

On Due Process TV show, our present Governor, Chris Christie, had stated that he want's change regarding the Cost of Department of Corrections and the SVPA as a whole, this Texas Civil Commitment would fit the Bill at this time in New Jersey.

## COMPARISON: SETON HALL SVP Program vs Texas Program.

11a. Seton Hall University Law School 12 year's ago, in part with other New Jersey Department's implemented the current SVP program, which today hasn't proved to work, or keep the community safe, but does keep going up in Cost, as residence's keep getting older and physically sick and bed's are kept full, leaves no room for new potentially dangerous sex offender being treated or civilly committed due to no bed space available nor release really possible.

11b. Comparing the old with the new? Seton Hall's/ Barbara Moses (Doctrine) Exhibit's [A] & [B], to the current SVP program, it's basically the same, accept the new program just adds   more treatment per week, at tax payer's expense, because the end result is going to be the same as the current program, the real problem is that know one of authority want's to release a sex offender that a Doctor deemed "highly Likely to Recommit" back into the community. That's why there's no mention of transitional places for us to be released in her new proposed program or an Oversight Committee that people are being released and have a place to go?. Her program is a waste of time and safety, and out of date.

11c. Also: more treatment isn't the answer, this fact presents it's self by the very fact that "Everybody" that had filed their Lawsuit's "Eleven" year's ago today, is still here at the Special Treatment Unit, this makes it clear that more treatment isn't the answer, but rather than, that a Drastic change and responsibility need's to change hand's, and in this case, need's to be done by a Federal Judge with no ties to DHS, DOC, and the AG., whom have to take responsibility or whom is being paid to keep their job. Let's keep our job, well keep them locked up!.

3

**MOST IMPORTANTLY**:

what is best for everyone: thinking of public safety and cost first.

12a.  First,  Public Safety, it would be best to screen "ALL" sex offender, and not just the one's that where at the expiration of their prison sentence's, that was done to 95% of the Sex offender's that are civilly committed here at the Special Treatment Unit, then to house them indefinitely not allowing other sex offender's to seek treatment that have the potential to act out due to not having enough bed space.

12b.  There's only so many bed's to house sex offender's under Civil Commitment in New Jersey at the Special Treatment Unit, wouldn't it be logical to release a sex offender that had completed  5 additional year's in treatment, and to screen and therapeutically treat other sex offender's that are Similarly Situated that are being released into the community?.

12c.  Most sex offender's here at the Special Treatment Unit have been here for at least 10 year's after completing their lengthy terms of incarceration,  and are in their 50's, 60's and 70's year's of age, the facility inwhich we live has three tier level's and double bunk bed's, allot of us are having problem's getting in our own bed's or going up the steep metal stair's, and this is in conjunction to be transported to Trenton New Jersey, to Saint Francis Hospital which requires a Van and two police officer's for the complete day for each one of us, "whom is paying for this".

12d.  The Van's that we are being transported to the Hospital in, are now portioned like Air Kennel's for dog's, accepted ours are metal, not plastic, we are much older than inmates from a prison, and this issue is not just going to go away.

12e.  For the reason mentioned above, I hope that you will Amend this complaint, and accept or will consider the Texas program model, and order additional time to have representation from the people running the Texas program out lining their recommendation's for New Jersey's SVP program.  Gov. Chris Christie will love it. 30k  vs. 150k ?.

**JURISDICTION AND VENUE**

13a.  This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C.  1331(a) and 1343, as plaintiff allege, pursuant to 42 U.S.C.  1983, that defendants, under the color of state law, have deprived, and continue to deprive the plaintiff's of thir rights, privileges, and immunities

4

secured by the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

13b.   This Court has jurisdiction over each claim, and to grant such equitable relief as appropriate to correct the wrong[s] done, under Section 2 of Article III of the United States Constitution.

Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391(a) and (b) as most defendants reside in this district, all defendants reside in this state, and a substantial part of the events and omissions giving rise to the claims herein occurred in this district.

## DECLARATORY AND INJUNCTIVE RELIEF

14a.   This Court has authority to grant declaratory relief pursuant to 28 U.S.C. sec. 2201 as an actual controversy exists regarding the rights, privileges, and immunities to which plaintiff/ plaintiffs are entitled while detained to the care and custody of Department Of Corrections and treatment is being provided by Department Of Human Services.
Moreover, pursuant to 28 U.S.C. Sec. 2202, this Court has authority to grant injunctive and other necessary and proper relief.

14b.   This is a Civil action authorized by 42 U.S.C. §. 1983 to redress the deprivation; under Color of State Law of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. § 1343 (a, (b,. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. § 2283 & 2284 and rule 65 of the Federal Rules of Civil Procedure.

The District Court of New Jersey is an appropriate venue under 28 U.S.C. § 1391 (b, (2, because it is where the events given rise to the claim occurred.

## REMEDY:

15a.   We Plaintiff's in the Hasher case belief that the Texas Civil Commitment Program should be replicated in New Jersey. See Copy enclosed as exhibit ]C].

15b.   Texas program uses new technology (GPS) and other alternatives, why not New Jersey? , and not just lock-up a few, and give them some more treatment, as Set Hall proposed with the AG.

15c.   Civil Commitment in New Jersey has been around for over 12 years, it's proven not to work

as is, it's unfortunate that no one either in the lower Court, Attorney General, DHS and some Public Defender's want to release anybody, it's safer that way. Therefore, we seek an alternative, the Texas program way. Leave it to technology.

15d. We Plaintiff's in the Hasher case, also disagree with the proposal of Gibbons Law Firm, to give special: Class Counsel Representative's being appointed to their client's of Raymond Alves, Michael Culbreth, and Derrick Sessoms. We believe "ALL" plaintiff's in this consolidated case have suffered the same, and under the 5, 14 & 15 Amendment of the Constitution want to be compensated Equally, and that mean's both therapeutically and Compensatory damages. All the same...

## CERTIFICATION:

I, Michael Hasher, certify that the afore mentioned statements are true, and that I am aware that willfully giving false information or statements in this matter is subject to punishment.

I, Certify that I Michael Hasher, under perjury am mailing by way of U.S. Mail copies of this letter brief, and copies of the Texas Civil Commitment Program to all the parties mentioned below:

GIBBONS P.C.              SETON HALL U. LAW & JUSTICE.   ATTORNEY GENERAL OF NJ
Attn: Manes & Lustebburg.      Attn: Barbara Moses            Attn: Jeffrey S. Chisa
One Gateway Cener              833 McCarter Highway           R.J. Huges Justice Complex
Newark, NJ. 07102             Newark, NJ. 07102              25 Market Street, 8 Floor.
PH:973-596-4500                                              Trenton, NJ. 08625
                                                             PH:609-984-3900

United States District Court of N.J.
Attn:Hon. Dennis M. Cavanaugh, U.S.D.J.
U.S. P.O. & Courthouse, Room 451
   One Federal Square
   Newark, New Jersey, 07101

RESPECTFULLY SUBMITTED:

Date:4-12-2012.

Michael Hasher,
Pro Se.

6

UNITED STATES DISTRICT COURT FOR
NEW JERSEY EASTERN DISTRICT

RECEIVED - CLERK
U.S. DISTRICT COURT

2012 APR 13 P 2: 00

Michael Hasher
Special Treatment Unit
P.O. Box 905
Avenel, NJ. 07001
PH:732-504-8560

RE: TO HAVE COURT FILED

---

**MICHAEL HASHER, et.,al.**
           **Plaintiff's**

      **vs.**

**JON CORZINE., et al.**
           **Defendants**

Civil Action No: 07-1212 (DMC) (MF)
(Consolidated with case below).

Civil Action No: 789 (DMC) (MF).

Dear, Court Clerk:

    I, Michael Hasher am the Plaintiff in the above-entitled case, as you can see above, my case was consolidated with No:789 (DMC),  Please file the submission's below in the main file, in which the Judge is going to decide this consolidated case.

    Also, please send me a court filed copy that the below submission has been filed.

1. Notice of Motion to Amend the Complaint.

2. Affidavit in Support of Plaintiff's Motion For Leave to File a Amended Complaint.

# CERTIFICATION:

    I, Michael Hasher, certify that the afore mentioned statements are true, and that I am aware that willfully giving false information or statements in this matter is subject to punishment.

    I, Certify that I  Michael Hasher, under perjury am mailing by way of U.S. Mail copies of this letter brief, and copies of the Texas Civil Commitment Program to all the parties mentioned below:

GIBBONS  P.C.
Attn: Manes & Lustebburg.
One Gateway Cener
Newark, NJ. 07102
PH:973-596-4500

ATTORNEY GENERAL OF NJ
    Attn: Jeffrey S. Chisa
R.J. Huges Justice Complex
   25 Market Street,  8 Floor.
    Trenton, NJ. 08625
    PH:609-984-3900

United States District Court of N.J.
Attn:Hon. Dennis M. Cavanaugh, U.S.D.J.
U.S. P.O. & Courthouse, Room 451
    One Federal Square
  Newark, New Jersey,  07101

RESPECTFULLY SUBMITTED:

Michael Hasher, Pro Se.

Date:4-12-2012.