Barbara Moses
*Admitted Pro Hac Vice*
Sarah Turk
*Legal Intern, D.N.J.L. Civ. R. 101.1(h)*
Jennifer Vasquez
*Legal Intern, D.N.J.L. Civ. R. 101.1(h)*
**SETON HALL UNIVERSITY SCHOOL OF LAW**
**CENTER FOR SOCIAL JUSTICE**
833 McCarter Highway
Newark, New Jersey 07102
(973) 642-8700

Lawrence S. Lustberg
Jonathan Manes
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND ALVES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERILL MAIN, Ph.D., et al.,<br><br>Defendants. | No. 01 Civ. 0789 (DMC) (MF)<br>(Consolidated)<br><br>**DECLARATION OF BARBARA MOSES REGARDING NOTICE AND OBJECTIONS** |

BARBARA MOSES, being of full age, hereby declares:

1. I am an attorney at law admitted to practice in California, the District of Columbia and New York, and admitted *pro hac vice* in this action. I am a Visiting Clinical Professor at Seton Hall University School of Law and serve as the director of the Civil Rights and Constitutional Litigation Clinic at Seton Hall's Center for Social Justice. I submit this

Declaration, in accordance with the Court's Modified Order dated April 4, 2012 (Doc. 158), to document the delivery of the Court-approved Notice to the Class Members and submit their timely objections and comments to the Court.

2. In its Order dated March 29, 2012 (Doc. 155), the Court certified a Class consisting of all persons committed or confined pending commitment to the New Jersey Special Treatment Unit ("STU") pursuant to the New Jersey Sexually Violent Predator Act, N.J.S.A. §§ 30:4-27.24, et seq. ("NJSVPA"); designated Raymond Alves, Michael Culbreth and Derrick Sessoms as Class Representatives; appointed the Center for Social Justice ("CSJ") and Gibbons, P.C. ("Gibbons") as Class Counsel; preliminarily approved as fair, reasonable and adequate the proposed Settlement of this action; and approved the form of Notice to be given to the Class Members concerning the Settlement.

3. In the Modified Order, the Court directed Class Counsel and counsel for the Defendants to cooperate to deliver the Notice to Class Members on or before April 13, 2012; set May 14, 2012, as the deadline for Class Members to submit objections or comments on the Settlement to Class Counsel; and directed Class Counsel to submit all timely objections and comments to the Court on or before June 12, 2012.

### Delivery of the Notice

4. On March 30, 2012, I obtained a current list of STU residents, including both those committed to the STU and those confined pending commitment, from Deputy Attorney General David DaCosta, Esq. There were 463 such residents, meaning that there were 463 Class Members on that date. In accordance with the Modified Order, Seton Hall law students and clerical personnel working under my supervision prepared 463 individually-addressed envelopes, one for each Class Member, and placed a copy of the Notice approved by this Court

into each envelope, together with a self-addressed return envelope for objections or comments. On April 10, 2012, we sent these materials to the STU via Federal Express, along with 35 extra copies of the Notice and 100 copies of the complete Settlement Agreement (for residents who requested them). Attached hereto as **Exhibit A** is the Declaration of Desiree Sedehi, executed on April 18, 2012, attesting to the preparation and delivery of these materials.

5. On April 12, 2012, Mr. DaCosta informed me that STU staff had delivered all of the individually-addressed packages, with the exception of one resident who was seriously ill, and had posted copies of the Notice in the common areas of the STU. Attached hereto as **Exhibits B and C** are the Certifications of Merrill Main and Steven Johnson, executed on April 19 and April 20, respectively, attesting to the delivery and posting of the Notices at the STU.

6. On May 1, 2012, I visited the STU, along with other Class Counsel, to present information and respond to resident questions concerning the Settlement. While we were there, 56 residents requested complete copies of the Settlement Agreement (some stating that they had requested the document from the STU administration but not yet received it). The following day, Seton Hall law students and clerical personnel working under my supervision mailed a complete copy of the Settlement Agreement to each such person.

7. Also on May 1, 2012, I observed a typed notice on a bulletin board in one of the common areas of the STU, urging residents to object to the Settlement: "Counsel has told us that the more residents that made valid challenges, the better chance we have of getting a better deal." The notice went on to state, among other things, "according to counsel, the strongest challenge we can make against the Settlement is to show areas where the Settlement is not in accord with Dr. Becker's report." The notice advised (contrary to the instructions in the Notice), "Challenges need to be sent both to Gibbons law firm and our counsel, Ian Marx,

3

Esq." Mr. Marx's firm, Greenberg Traurig LLP, represents Richard Bagarozy and 23 other present or former STU residents, many of them plaintiffs in actions consolidated under this docket number (collectively the "Bagarozy Plaintiffs").

### Changes to the STU Population

8. On June 6, 2012, Mr. DaCosta informed me that 13 additional individuals had been committed or confined to the STU pending commitment since March 30, 2012, and that in the same period of time three residents died, one was unconditionally discharged, and one was transferred to state prison, bringing the number of STU residents to 471.

### Summary of Objections Received

9. The Center for Social Justice received timely objections to the Settlement by or on behalf of 156 Class Members, including 15 of the Bagarozy Plaintiffs and three residents represented by other counsel. Some of the objections were addressed to Gibbons and to Mr. Marx instead of to the Center for Social Justice, as required by the Notice. Nonetheless, Gibbons forwarded such objections to us and we have included them here. Two of the objecting Class Members, Stephen Jaffe and Glenn Rogers, later withdrew their objections. Another seven Class Members sent in the Objections/Comments form included in the Notice but did not appear to articulate opposition to the Settlement. For example, Thomas M. Parker's comment reads, in its entirety, "Please help us. We need it very desperately."

10. For the convenience of the Court, we have summarized the objections (but not the other comments) in a table attached hereto as **Exhibit D**.

11. We have also attached true copies of all of the timely objections and comments we received concerning the Settlement, in alphabetical order by Class Member, as **Exhibit E**.

12. Many of the objections appear to be form letters prepared within the STU and signed (sometimes with individual additions or modifications) by multiple Class Members. We have identified seven such forms and designated them Form Letter A through Form Letter G on Exhibit D. For the convenience of the Court we also provide the number of Class Members who sent in each of the forms, as follows

| Form | Count |
|---|---|
| Form Letter A | 8 |
| Form Letter B | 32 |
| Form Letter C | 21 |
| Form Letter D | 39 |
| Form Letter E | 4 |
| Form Letter F | 2 |
| Form Letter G | 2 |

13. Some Class Members did not use a form letter. Others used one or more form letters but also sent in additional comments. In these instances, we attempted to identify the main issues raised by each, using the following list, which is not necessarily exhaustive:

| | |
|---|---|
| Becker Report | Writer complains that the Settlement does not sufficiently implement the recommendations of Dr. Becker. |
| Class Reps | Writer objects to Class Representatives. |
| Class Counsel | Writer objects to Class Counsel. |
| Commitment | Writer seeks changes to commitment or re-commitment procedures used under NJSVPA and/or asserts that he was improperly committed. |
| Damages | Writer seeks compensatory and/or punitive damages. |
| Distrust of Staff | Writer asserts that STU treatment staff are biased and/or cannot be trusted to carry out provisions of Settlement. |

5

| | |
|---|---|
| DOC Issues | Writer seeks improvement to physical facilities at STU, objects to presence or conduct of Department of Corrections personnel, and/or seeks changes to other DOC policies or practices. |
| Halfway Houses | Writer seeks creation of halfway houses or other forms of community-based treatment. |
| Individual Issues | Writer describes or seeks redress for issues specific to individual Class Member. |
| Main | Writer seeks removal of Dr. Merrill Main as Clinical Director of STU. |
| No More Therapy | Writer rejects therapy and/or asserts that additional therapy will not help him and/or other residents obtain release from STU. |
| No Specifics | Writer objects to Settlement without elaboration. |
| Release | Writer seeks immediate release from STU, release by a specific date or age, or release after a specified amount of time. |

14. These issues are also raised, in various combinations, by the form letters. Due to the length of some of the forms, however, and the sometimes repetitive or overlapping nature of the objections set forth therein, we have not attempted to categorize each point made therein.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2012, at Newark, New Jersey.

_____
Barbara Moses