NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND ALVES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL MAIN, *et al.*, <br><br> Defendants. | CONSOLIDATED UNDER LEAD DOCKET 01-789 (DMC): <br><br> Civil Action Nos. 01-790 (DMC); 04-3066 (JAP); 04-3067 (JWB); 04-3068 (JLL); 04-3069 (JAG); 04-3207 (JAP); 04-3208 (JAP); 04-3638 (JAG); 04-3639 (FSH); 04-3781 (JLL); 04-3803 (FSH); 04-3841 (DMC); 04-3842 (JLL); 04-3845 (WJM); 04-3874 (FSH); 04-4060 (KSH); 04-4064 (WGB); 04-4065 (JAP); 04-4066 (KSH); 04-4068 (WJM); 04-4233 (WJM); 04-4384 (WJM); 04-4385 (WJM); 04-4429 (JLL); 04-4430 (FSH); 04-4442 (FSH); 07-1212 (DMC); 10-1887 (DRD); 10-1542 (DMC) |

## OPINION

**FALK, U.S.M.J.**

This is a certified class action brought by plaintiffs involuntarily committed pursuant to the New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.24, *et seq*. (herein, "the Act"). Before the Court is Plaintiffs' application dated June 4, 2012, requesting an Order compelling the deposition of Defendant Merrill Main, Ph.D., as part of post-settlement "confirmatory discovery." Defendants opposed the request. For the reasons stated below, the request is **DENIED**.

## BACKGROUND

Plaintiffs are convicted violent sex offenders who have completed their prison sentences but remain involuntarily confined to the New Jersey Special Treatment Unit

("STU"), pursuant to the Act, based on a finding that they suffer from mental disorders that render them likely to re-offend. Pursuant to the Act, Plaintiffs are entitled to mental health treatment. In this action, Plaintiffs seek declaratory and injunctive relief against various officials of the STU responsible for providing them with treatment and against the New Jersey Attorney General, who is responsible for enforcing the Act. Plaintiffs claim, *inter alia*, that the various Defendants have failed to provide the minimally adequate mental health treatment required by federal and state law.

On March 9, 2001, *pro bono* counsel was appointed to represent Plaintiffs in the *Alves* action, and the Seton Hall University School of Law Center for Social Justice entered an appearance on July 30, 2002. The Center for Social Justice has been joined by Gibbons P.C. as *pro bono* co-counsel for Plaintiffs. Also appointed as *pro bono* counsel for other groups of Plaintiffs was the law firm of Greenberg Traurig, LLP.

Plaintiffs, through *pro bono* counsel, and Defendants executed a class action settlement agreement on February 12, 2012. The Honorable Dennis M. Cavanaugh, U.S.D.J., certified a class by Order dated March 29, 2012 (amended on April 4, 2012). District Judge Cavanaugh also found that the settlement is "preliminarily approved as fair, reasonable and adequate subject to further consideration by this Court." (Id.) Class counsel has been appointed. A fairness hearing is currently scheduled for August 6, 2012. The parties are scheduled to file a brief on the fairness and adequacy of the settlement by July 13, 2012.

The joint brief submitted to District Judge Cavanaugh seeking class certification and preliminary approval of the class settlement includes the following footnote:

> In light of the long pendency of this action, the Parties have agreed that Plaintiffs may take additional discovery, while this motion is pending, for the purpose of updating their factual investigation and confirming that the settlement is fair, reasonable and adequate in light of such updated information. In the event of any dispute concerning the appropriate scope of such discovery, the Parties intend to seek a decision from Magistrate Judge Falk, and will endeavor to do so expeditiously, so as not to

delay the Court's consideration of the settlement.

(Joint Brief at 30 n.14; CM/ECF No. 153-1.)

The parties now have a "discovery" dispute. Plaintiffs claim that because there has been a "temporal gap" in formal discovery, it would be "appropriate to take reasonable 'confirmatory discovery' before seeking final approval of the settlement."[1] The present dispute is the scope of "confirmatory discovery."[2]

## A.  Parties' Positions

In pursuing confirmatory discovery, Plaintiffs have propounded interrogatories and document demands to which Defendants have agreed to respond. However, in addition, Plaintiffs seek the deposition of Defendant Merrill Main, Ph.D., the Clinical Director of the STU, or another individual who can testify as to the "range of issues relevant to the proposed settlement." Plaintiffs claim the deposition is appropriate because Dr. Main "has personal knowledge of the changes and developments in [the

---

[1] As explained herein, "confirmatory discovery," to the extent it is authorized, is essentially discovery that is sometimes taken in class actions where there was little or no discovery prior to settlement. The purpose is to enable class counsel to demonstrate to the evaluating court that they have fully investigated the merits of the complaint, they have an understanding of the issues, and that the settlement is fair is reasonable.

[2] At the outset, the Court notes its surprise over the use of "confirmatory discovery" in this case. Despite the Undersigned's intensive case management of this case for more than ten years, confirmatory discovery was never raised until mentioned in a footnote on the next to last page of a 31 page brief to the District Judge. It is questionable whether there is authority for the parties to unilaterally engage in such discovery, let alone have a Magistrate Judge decide any disputes on an expedited basis without having raised it with the Court. Plaintiffs cite no authority for an unqualified right to "confirmatory discovery." And there is no mention of confirmatory discovery in the text of the Federal Rules of Civil Procedure. Rather, confirmatory discovery is an aspect of class action litigation that arises, if at all, out of the parties' settlement agreement. See generally Schulte v. Fifth Third Bank, 805 F. Supp. 2d 560, 587-88 (N.D. Ill. 2011); Vazquez v. Coast Valley Roofing, Inc., 670 F. Supp. 2d 1114, 1126 (E.D. Cal. 2009); see also 2 Joseph M. McLaughlin, McLaughlin on Class Actions § 6:5 at 41 (8th Ed. 2011) ("McLaughlin") (noting confirmatory discovery is usually addressed in a memorandum of understanding).

STU's health treatment program] since 2005 when formal discovery was suspended in this action," along with several other reasons. (Pls.' Letter at 5.)

Defendants strenuously oppose a deposition of Dr. Main or any other party. Indeed, Defendants oppose extensive confirmatory discovery of any type because it is unnecessary in this case. Defendants claim they are under no "duty" to provide post-settlement discovery and that anything provided is as an "accommodation" to Plaintiffs. Finally, Defendants state:

> This case is now more than ten years old. The parties have engaged in exhaustive formal and informal discovery over the course of the last decade and, as this court is well aware from personal management of this litigation, the parties are all well aware of the issues and have had a sufficient factual basis to judge the fairness of the settlement agreement that was entered into without any 'confirmatory discovery.'

(Defs.' June 8, 2012 Letter at 3.)

## DISCUSSION

### A.   Confirmatory Discovery

A class action settlement may only be approved if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To make this determination, courts consider the following factors:

> (1) the complexity, expense and likely duration of the litigation . . . ; (2) the reaction of the class to the settlement . . . ; **(3) the stage of the proceedings and the amount of discovery completed** . . . ; (4) the risks of establishing liability . . . ; (5) the risks of establishing damages . . . ; (6) the risks of maintaining the class action through the trial . . . ; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery . . . ; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation . . . ."

Girsch v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975) (the "*Girsch* factors") (emphasis added).

Here, the parties apparently agreed to take some post-settlement, pre-final approval discovery that they apparently believe is related to the third *Girsch* factor; i.e., the "stage of the proceedings and the amount of discovery completed." See id. The purpose of this factor is to ensure that class counsel "have an adequate appreciation of the merits of the case" when seeking approval of a settlement. In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 814 (3d Cir. 1995).

There is no specific amount of discovery that must occur prior to reaching a fair and reasonable class action settlement. See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 319 (3d Cir. 1998). However, in cases with little or no discovery, it is sometimes anticipated that there may be a challenge to class counsel's understanding of the merits of the case due to the lack of a current factual investigation and/or discovery. In other words, an argument that class counsel is settling a case that they do not know enough about or are engaging in collusion. See McLaughlin § 6:11 at 92-94. In those cases, plaintiffs' class counsel sometimes seek "confirmatory discovery" to address these issues and support the fairness of the settlement. Cf. Yong Soon Oh v. AT&T Corp., 225 F.R.D. 142, 149 (D.N.J. 2004).

As discussed in the case law, confirmatory discovery is focused discovery in order to confirm the settling plaintiffs' factual understanding and rebut potential claims of inadequacy by objectors to the settlement. Cf. Schulte, 805 F. Supp. 2d at 587-88. This is done with an eye toward demonstrating to the approving court that plaintiffs' counsel has a complete and current understanding of the facts and claims, and that the settlement is fair, adequate, and reasonable. See id. As a practical matter, confirmatory discovery is often used to negate the impression that a class action was quickly settled with little discovery or investigation to generate the substantial legal fees often awarded in class actions. Of course, that is entirely inapplicable in this case.

**B.    Decision**

There is absolutely no basis for a deposition of Dr. Main (or any other Defendants) in this case. In fact, confirmatory discovery is unnecessary and inappropriate under the circumstances here. This is not a case resolved without substantial discovery. The facts and merits of this case have been investigated, pored over, and discussed in depth for more than 10 years, including through STU facility changes and changes in administrations. There were at least three full years of formal fact discovery. In addition, in a searching and lengthy process supervised by the

5

Court, a neutral expert approved by both sides did an unprecedented, and for the most part unlimited, investigation of the conditions and treatment programs at the STU. This involved numerous on-site visits, interviews with staff and residents, and the review of countless documents. During this process, the Court resolved any disputes on a real time basis, so that the investigation could proceed. This investigation resulted in a highly detailed, 27 page, single spaced report on the STU. The Court cannot imagine any "discovery" that would even approach this delving investigation and report, which certainly aided the contentious settlement process. Morever, during the arduous settlement negotiations, exhaustive information was exchanged and it was patently obvious to the Court that all counsel were apprised of the relevant facts. Indeed, adversary counsel argued strenuously over many specific and discrete issues that revealed a deep understanding of the issues in this case.

In sum, this is not a case resolved on a scant record without discovery. Nor does class counsel lack an understanding of the facts and issues. Quite the opposite. It does not matter whether class counsel secured their factual understanding from formal or informal discovery, so long as sufficient facts and information have, in fact, been learned. See Schulte, 805 F. Supp. 2d at 587 ("the label of discovery [either formal or informal is not what matters]. Instead, "[t]he pertinent inquiry is what facts and information have been provided." (internal quotes omitted)). As stated, there is no need for *any* confirmatory discovery in this case.[3] To the extent the parties have already agreed on this discovery, the Court will not interfere. Defendants have agreed to provide interrogatory responses and respond to document demands. That is more than sufficient "confirmatory discovery." No additional discovery will be permitted.

---

[3] Whether the proposed settlement will be approved by the Court remains an open question. However, after working with counsel for over a decade and developing a genuine "feel of the case," the Undersigned Magistrate Judge is certain that any deposition of Defendant Main would have no bearing on the issue. The discovery sought is not only unnecessary it would not be helpful. In general terms, the proposed settlement requires, *inter alia*, improvements to the treatment programs at the STU and it includes procedures for monitoring same. To the extent class counsel wishes to question Dr. Main about current treatment programs, the issue was fully explored in the case. Moreover, class counsel can get this information from their own clients, who have first hand experience with the issue. Finally, the Court believes that engaging in tangential, adversarial discovery disputes after jointly submitting the settlement agreement for approval could actually be detrimental to fair evaluation of the settlement by distracting the parties from the real issue before the Court.

## **CONCLUSION**

Based on the above, Plaintiffs' request to compel the deposition of Defendant Main as part of confirmatory discovery is **DENIED**. An appropriate Order will be entered.

                                                                                  /s/ Mark Falk
                                                                               **MARK  FALK**
                                                                               **United States Magistrate Judge**

**Dated: June 19, 2012**