# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND ALVES, et al., | Civil Action No.: 01-789 (DMC)(MF) (Consolidated) |
| Plaintiffs, | |
| v. | |
| MERRILL MAIN, Ph.D., et al., | |
| Defendants. | **Settlement Agreement Addendum** |

The Settlement Agreement executed on February 3, 2012, in this action is hereby modified as follows:

1. Section VI.C.1 is modified to read as follows:

    Hire sufficient additional Treatment Staff members to maintain a staffing pattern of **eight (8)** Therapists (not including clinical psychiatrists) for every fifty (50) Residents who are actively participating in treatment; and

2. Section VI.B.2 is modified to read as follows:

    Subject to section VIII of this Settlement Agreement and availability of staff and physical plant space, DMHAS agrees to make available to each Resident who is not on Treatment Refusal Status, or subject to restrictions under MAP, the opportunity for a minimum of twenty (20) sixty-minute hours per week of professionally led (or in the case of self-help groups, professionally monitored) therapeutic programming. This programming shall be made available to all qualifying Residents, regardless of the location of their living quarters, and shall encompass sex-offender-specific, mental health, recreational, and rehabilitation/vocational programming and minimally include:

    a) Three (3) ninety (90) minute process group sessions per week;

    b) One (1) to two (2) ninety (90) minute modules per week, if therapeutically appropriate;

    c) Professionally monitored self-help groups for at least ninety (90) minutes per week, provided willing and appropriate Residents are available to facilitate self-help groups; and

    d)    Regularly scheduled community meetings.

Unstructured recreational activity does not count as "therapeutic programming" for purposes of the 20 hours per week of therapeutic programming. **For the avoidance of doubt, nothing in this Settlement Agreement requires a Resident to participate in the therapeutic programming described in this section VI.B.2.**

A Resident subject to Tier or Wing MAP will be placed in a MAP Group that meets at least twice per week. A Resident subject to Program MAP will continue to attend all of his regularly-assigned process group sessions and modules, unless specifically contraindicated in light of the underlying behaviors that resulted in the MAP placement. In such cases the Resident (a) will be informed of the reasons for the treatment restrictions, in writing, as part of that Resident's Initial MAP Placement Review and at least every 30 days thereafter so long as the restrictions remain in place, and (b) will be placed in a MAP Group that meets at least twice per week until such time as he is permitted to resume attendance at all of his regularly-assigned process group sessions and modules.

3. All capitalized terms used herein shall have the meanings set forth in section V of the Settlement Agreement.

4. By their signatures, each signatory below represents and warrants that he or she is authorized to execute this Settlement Agreement Addendum on behalf of the Party or Parties listed below.

For Plaintiffs:

_[signature]_

Barbara Moses
Seton Hall University School of Law
Center for Social Justice

7 · 16 · 2012

Date

For Settled Defendants:

_[signature]_

Jennifer Velez
Commissioner
New Jersey Department of Human Services

7.19.12

Date