

Ruben Ramos, #252
Special Treatment Unit
8 Production Way, Box 905
Avenel, NJ  07001
Class Plaintiff Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW JERSEY
50 WALNUT STREET
NEWARK, NEW JERSEY 07102


RAYMOND ALVES, et al.
      Plaintiffs

                                      Civil Action

vs.                              42 U.S.C.A. §1983


                                    Docket No. 01-CV-0789
                                        Sat Below:
MERRILL MAIN, Ph.D., et al.    Hon. Dennis M. Cavanaugh
      Defendants                 United States District Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## MOTION TO REOPEN LITIGATION

    Now comes Ruben Ramos, a resident at the Special Treatment Unit, 8 Production Way, Avenel, New Jersey 07001, #252, a class member in the above settlement as negotiated through Hon. Dennis M. Cavanaugh, U.S.D.J., and committed under _N.J.S.A._ 30:4-27.24 through 30:4-27.38, otherwise known as the Sexually Violent Predator Act, having been committed since 2002, motions this Court to reopen the litigation that led to the "Settlement". Mr. Ramos states the following in support of this motion:

1] Mr. Ramos was convicted of Aggravated Sexual Assault, 1st Degree, in 1994, in Essex County, and sentenced to a term of twelve (12) years. He was civilly committed at the end of his custodial sentence in 2002 under the S.V.P.A. to receive a course of specialized treatment.

2] Mr. Ramos is a native of Puerto Rico, speaks only Spanish, and speaks only a small amount of English. Further, Mr. Ramos is handicapped in that he is hard of hearing, and no accommodations exist to help minimize that impairment, nor has he ever been offered an interpreter, or one provided at D.H.S./D.O.C. expense.

3] Under the "Settlement" Mr. Ramos is supposed to receive and participate in three (3) 90 minutes sessions of specialized therapy (Process Groups) as well as any self-help/educational/recreational modules that would help him progress to the next phase.

4] At no time over the past twelve (12) years has the staff at either STU-Kearny or STU-Avenel made any serious attempt to obtain for Mr. Ramos *Sex Offender Specific Training* (S.O.S.T.) materials in his native language, Spanish. By failing to accommodate Mr. Ramos' disabilities and language needs, the

2

staff at STU has held Mr. Ramos back in his quest to move forward and complete the therapy program that would lead to his release. At the present time, Mr. Ramos is so frustrated that he is considering opting out of therapy, {treatment refusal-TR} because he cannot progress and move to the next phase. He feels that he is being discriminated against by the staff, and has expressed that he cannot hope to go home if they don't provide the necessary tools for him to complete the work necessary.

5] It is a well-established fact that *S.O.S.T.* books and manuals are printed in other languages such as Spanish, and are readily available. Because he cannot progress due to the staff's refusal to help him, the Settlement Agreement is being violated by the STU staff responsible for his therapy.

6] Without these specific treatment books/manuals and aids to reduce his hearing impairment, Mr. Ramos cannot hope to meet the guidelines established by the Court to go from one phase to another and attain his release from civil commitment.

7] Further, Merrill Main, as the "Clinical Director" of the S.T.U., was previously employed by D.H.S./D.O.C. at the Adult Diagnostic & Treatment Center, 8 Production Way, Avenel, NJ, and

is <u>well aware</u> and <u>fully informed</u> that these *S.O.S.T.* books/manuals/materials are published in Spanish, as they are used in a different format at the A.D.T.C. Mr. Ramos believes the denial of the necessary materials he requires to progress in therapy towards release is a deliberate, arbitrary, and capricious act, done for financial reasons, and completely out of keeping with the stated goals of the law under which Mr. Ramos was civilly committed under, even with all of the amendments to same, and is done as a deliberate act on Merrill Main's part in his position as Clinical Director, and is a willful and blatant violation of the "Settlement Agreement". Resident Ramos can only conclude that Merrill Main and his staff's refusal to obtain, distribute, and teach from Spanish S.O.S.T. materials is deliberate. Most of the Hispanic/Spanish-speaking residents at the S.T.U. speak a modified form of heavily accented English. Resident Ramos does not, which places him in an "orphan category", causing Merrill Main to disregard his needs under the Settlement, due to financial consideration, and the persistent belief that Mr. Ramos' needs are being met, although Merrill Main already knows they are not.

Resident Ramos prays this Court to reopen the Settlement and examine his above statements with an eye towards the Court ordering Merrill Main and Department of Human Services to provide Mr. Ramos (and all others similarly situated at the STU)

4

the tools (S.O.S.T. books in Spanish, hearing assist devices, etc.) that will enable him to advance through the phases of therapy he has been unable to complete due to the language and hearing barriers, along with any other relief the Court may deem proper and correct under the circumstances.

RESPECTFULLY SUBMITTED:

Date: August 20, 2014

RUBEN RAMOS
Class member pro se

Prepared for Ruben Ramos by:

Joel E. Durmer, CP