

JOHN J. GIBBONS FELLOWSHIP IN
PUBLIC INTEREST & CONSTITUTIONAL LAW

HONORABLE JOHN J. GIBBONS

LAWRENCE S. LUSTBERG
DIRECTOR

BENJAMIN YASTER
JOSEPH PACE

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Phone: 973.596.4500

September 12, 2014

**FILED & SERVED ELECTRONICALLY**

Hon. Susan D. Wigenton
United States District Judge
United States District Court for the District of New Jersey
U.S. P.O. & Courthouse
1 Federal Square
Newark, NJ 07102

   Re: **Alves v. Main, No. 01-cv-789 (SDW) (MCA)**

Dear Judge Wigenton:

  Gibbons P.C. and the Center for Social Justice at Seton Hall University School of Law represent the plaintiff class in the above-captioned matter, which has been settled. We submit this letter, in lieu of a formal brief, in response to Ruben Ramos's Motion to Reopen Litigation (ECF No. 247), filed *pro se* on August 25, 2014. For the reasons set forth herein, we respectfully request that the Court treat Mr. Ramos's submission as a motion to enforce the Settlement Agreement now governing the provision of sex offender-specific mental health treatment at the New Jersey Special Treatment Unit ("STU"), and deny it without prejudice to Class Counsel renewing Mr. Ramos's claim in the event that it is not resolved by the Court-appointed independent Monitor as part of his annual inspection of the STU's settlement compliance.

  Mr. Ramos is a civilly committed resident of the STU and is a Class Member. He moves to reopen this litigation in order to pursue his claim that the Settled Defendants (comprising the officers and agencies responsible for the sex offender treatment program at the STU) are denying him minimally adequate treatment by refusing to provide treatment materials in his native language, Spanish, and by otherwise failing to accommodate his language needs. (ECF No. 247 ¶¶ 4-6.) Class Counsel respectfully submit that Mr. Ramos's claim falls within the scope of the Settlement Agreement ("SA") (ECF No. 193-3), which was approved by this Court (Cavanaugh, J.) on December 4, 2012 (ECF Nos. 221-22), and affirmed by the Court of Appeals on March 20, 2014 (ECF No. 238). Specifically, by neither recognizing nor accommodating Mr. Ramos's language needs, the Settled Defendants have failed to provide "individually tailored treatment that adequately meets the therapeutic needs of each Resident," as required by SA § VI.A.1 and the Due Process Clause.

  Not only is Mr. Ramos's claim encompassed by the Settlement Agreement; the Class expressly endorses it and seeks the same substantive relief: that he and other similarly situated STU residents receive sex offender-specific treatment materials in a language that they

GIBBONS P.C.

Hon. Susan D. Wigenton
**September 12, 2014**
Page 2

understand. To that end, Class Counsel have urged the Court-appointed Monitor, Hon. William L'E. Wertheimer, J.S.C. (ret.), to investigate Mr. Ramos's claim, among others, as part of his annual inspection of the Settled Defendants' compliance with the Settlement Agreement. *See generally* SA § VIII. Attached for the Court's convenience as Exhibit A is an excerpt of a list of potential areas of non-compliance that Class Counsel submitted to the Monitor on August 25, 2014, which list specifically includes Mr. Ramos's claim. (Exhibit A has been redacted to protect the privacy of STU residents other than Mr. Ramos.) The 2014 inspection will begin in the coming weeks, and we will continue to pursue Mr. Ramos's claim throughout the inspection and reporting process.

Alternatively, should this Court disagree and conclude that Mr. Ramos's motion is not encompassed by the Settlement Agreement, Class Counsel respectfully submit that the Court should construe that motion as a new claim, which should be severed and assigned a new case number so that he can separately pursue relief. That reassignment would be consistent with the Court's previous disposition of Class Members' claims not encompassed within the Settlement Agreement (*see* ECF No. 243), as well as with the Settlement Agreement itself, which expressly does not "in any way affect any present or future claims brought by a Class Member against the Settled Defendants not alleged in the Second Amended Complaint filed in this action." SA § IX.

In sum, then, the Class respectfully requests that this Court deny Mr. Ramos's motion without prejudice to Class Counsel renewing that claim if the Court-appointed independent Monitor does not resolve it in the ongoing inspection process. Denying Mr. Ramos's motion without prejudice will allow the independent monitoring to proceed as the parties and the Court intended, and will prevent the piecemeal litigation and inconsistent results among Class Members that this action was designed to avoid. But in the event that the Court concludes that Mr. Ramos's claim is not encompassed by the Settlement Agreement, the Court should reassign it to a separate case in which he can independently pursue the relief he seeks.

Thank you in advance for your consideration of this matter. If you have any questions, please do not hesitate to contact us.

               Respectfully submitted,

               /s/ Benjamin Yaster
               Benjamin Yaster

cc:  Lawrence S. Lustberg, Esq. (via ECF)
    Barbara Moses, Esq. (via ECF)
    David DaCosta, DAG (via ECF)
    Ruben Ramos (via U.S. mail)
    Hon. William L'E. Wertheimer (via U.S. mail)