JOSEPH ARUANNO,
    Plaintiff

consolidated with,

R. ALVES v. M. MAIN, et al.
Docket No. 01-789

RECEIVED
MAY 28 2015
AT 8:30
WILLIAM T. WALSH, CLERK

"MOTION TO REOPEN/REINSTATE"

September 21, 2014

Mr. Joseph Aruanno #363
Special Treatment Unit
8 Production Way
PO Box 905
Avenel, NJ  07001

*

Dear Judge Wigenton:

Please accept this letter brief in lieu of a more formal brief since I am pro se, which has been a major problem for the majority of the plaintiffs since appointed counsel has neglect us during the course of this case which had lead to a petition signed by a majority of the plaintiffs in MOTION form to have counsel replaced or at least removed which the court DENIED, as the record makes clear. And because I/we are denied access to a law library, etc., which we are ENTITLED to which could help to submit a better MOTION which is also a key issue in this case which has been neglected for nearly 14 years now and counting.

As well as the violations and limitations placed on me/us by the defendants which obstructs our abilities mentally, physically etc....

And where in any case I will attempt to address the reasons for this PETITION/MOTION to REOPEN and/or REINSTATE the therapy issues (allegedly) addressed in the settlement.

1

In support of this PETITION/MOTION I have prepared the attached "nine" points which are just the tip-of-the-iceberg and which present serious conflict with the settlement.

And where with that you can see that I have zealously attempted to remedy this with the defendants, ombudsman, monitor, etc., with no resolution for which counsel assisting me with other matters suggested I submit this to you.

In closing, if the court has any questions or comments I would ask that there be "ORAL ARGUMENTS" where I may be able to present a better case and answer any questions the court may have.

In advance I/we want to thank you for your time and efforts in these matters.

                                                    Sincerely,

                                                    J. Aruanno

c:  Office of the NJ Attorney General
    file

POINTS

(1) In reply to the recent CONOVER opinion in this court which makes clear is "NOT BINDING PRECEDENT" I must address the MANY different and unique issues in my supplemental brief concerning being denied treatment at sentencing, during my prison term, etc., which the Honorable Barry Albin of the NJ Supreme Court called a "CHARADE" is the institutional documentation showing that at least two years before the completion of my sentence the state decided to refer me for civil commitment, as in need of treatment, but contradicted themselves by failing/refusing to provide it even then.

(2) Also as my brief makes clear the KEY issue in this case is their motive which was statements I made in a legal brief quoting the Honorable Joseph Rodriguez of the U.S. District Court in Camden that "THE ENTIRE NJ PAROLE BOARD WAS/IS CORRUPT AND IN- COMPETENT" which started the process in total denial of the truth, and NOT about any farce of a likelihood of committing another sexual crime, where I never have and is the issue of litigation presently pending.

(3) As to the CONOVER opinion it suggests that the proper avenue for such a challenge is a 42 U.S.C. § 1983 but as the record makes clear I had previously litigated that in the District court, case No. 06-296, where though the court[s] did not really focus on it counsel in that matter, Wilentz, Goldman & Spitzer, informed me that it was because the proper avenue was a HABEAS CORPUS requesting RELEASE due to such Due Process disregard.

(4) Also another KEY issue in this case is the dissent of the Honorable Chief Justice Theodore Mckee in the appeal of No. 06-296 in the District Court admitting my Constitutional Rights and Clearly Established Law were violated by not being NOTIFIED, or able to attend the PROBABLE CAUSE HEARING/TEMPOARY ORDER, etc., with my lawyers, experts, etc....

POINTS

(5) Yet another KEY issues as recently admitted by the Supreme Court of New Jersey is my RIGHT TO SELF-REPRESENTATION, which was "IN THE MATTER OF D.Y.", which also deserves a REMAND in this case.

(6) And as the record makes clear was mainly because the trial court refused to hear from my own personal lawyer[s]. Clearly a Constitutional violation.

(7) Where the record also makes clear I had NUMEROUS experts I had informed the court of long BEFORE the hearing but it refused to allow me to have them testify, etc., or even hear from them. Which also is clearly yet another Clearly Established Constitutional Right!

(8) And which it was able to do, (7), by forcing a lawyer on me whom I had made clear WAS "NOT" MY LAWYER". And "DID NOT REPRE-SENT ME", etc., where the record makes clear had absolutely no time to prepare, REFUSED to even hear from me, etc....

(9) And most important is the PUNITIVE nature described in KANSAS v. CRANE; KANSAS v. HENDRICK, where though the courts focus on an (alleged) CIVIL IN INTENT/NATURE act no one can honestly say that by being in a prison, designed and built for punishment through lack of space, privacy, etc., in the custody of a Department of Corrections, an organization trained in punishment through violence, fear and terror, etc., addressed in over 1000 lawsuits in the District Court, is therapeutic!?!
    And which is compounded by one of my MANY experts whom has reported the failure/refusal of this facility to provide and meaningful therapy, etc....

(10) Also, as a REMAND in this case makes clear, Appeal No. 08-3614, this court made clear that "ANY JURIST OF REASON WOULD DOUBT THE CONCLUSION" of District Court Judge K. Hayden. Focusing on clearly having Constitutional issues to address which she failed to address. These points prove yet once again she refused to address/admit certain Constitutional issues, which is why I had requested this court assign to a different judge on REMAND. And is why counsels PETITION FOR [her] RECUSAL should be examined by this court. As well as MY submissions to Judge Hayden on this issue.

(11) And any and all other issues addressed in my supplental brief not mentioned here as recognized by this court.

May 26, 2015

RE:  JOSEPH ARUANNO
     District Court No. 01-789

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2015 MAY 28  P 3: 28

Dear Clerk:

   I submit this in reply to your recent letter to me, and/or ORDER, in the case listed above.

   Enclosed is ANOTHER courtesy copy of the MOTION I had submit dated 9/21/14 which I have managed to obtain despite having submitted to you my original as well as addition courtesy copies with inquires into the status of the MOTION where I had not received back date-stamped copies as requested.

   As I have made totally clear the MOTION is in accordance with the terms of the settlement regarding "REOPENING SETTLED ISSUES" if there is no compliance or other problems as my MOTION makes clear there is.

   In closing, as the basic rule is to hear motions within 6 months and this MOTION now going on 9 months I ask that this court finally act on the motion considering the amount of harm/injury such neglect from the defendants and lack of Due Process from the court has inflicted.

   Finally, I ask one final time for a date-stamped copy of the MOTION to be returned with the court's reply here.

   In advance I want to thank you for your time and efforts in these matters.

                                                     Sincerely,

                                                     J. Aruanno

Mr. Joseph Aruanno #363
S.T.U.
PO Box 905
Avenel, NJ  07001


c:  Chief Judge Jerome Simandle
    Clerk's Office, U.S. Court of Appeals
    file

J. Aruanno
PO Box 905
Avenel, NJ 07001

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2015 MAY 28 P 3: 28

Office of the Clerk, Civil Division
U.S. District Court
PO Box 999
Newark, NJ 07101-0999

BY DANIELS
NJ 070
26 MAY '15
PM 4 L

02 1P
0004684664    MAY 26 2015
MAILED FROM ZIP CODE 07001
$ 000.690
UNITED STATES POSTAGE
PITNEY BOWES