Joel E. Durmer, #677
P.O. Box 905
Avenel, NJ 07001
732-574-8578



**RECEIVED**

**FEB 01 2016**

*Chambers of*
*Honorable Susan D. Wigenton*

25 January 2016

Hon. Jerome B. Simandle, U.S.D.J.
Chief Judge, Dist. Of New Jersey
Mitchell H. Cohen Courthouse
Room 610, J.F. Gery Plaza
Box 888
Camden, New Jersey 08101-0888
856-757-5167

Hon. Susan D. Wigenton, U.S.D.J.
Presiding Judge
U.S.P.O. & Courthouse
Newark, New Jersey 07102

Re: Alves v. Main

Dear Your Honors:

My name is Joel E. Durmer, and I am a resident of the Special Treatment Unit, not yet committed (being held under a temporary order, awaiting a ruling of the Supreme Court of New Jersey in my criminal case). I am writing to both of you on behalf of Ruben Ramos, a 13½ year resident of this place.

I became involved with Mr. Ramos in 2014. As the attached correspondence shows, this isn't Mr. Ramos' first attempt – or mine – to resolve these issues. This may be the last. I am certified by the Literacy Volunteers of America as a tutor (standard; learning disabled; and E.S.L.) I am writing this at Mr. Ramos' request, and after it has been translated and read to him, Mr. Ramos' signature will appear with mine, indicating his agreement with what I have been asked to report to you on his behalf.

Again, as the records show, we (Mr. Ramos, with my assistance) have tried to remedy these circumstances before. To this point, there has been no resolution of any of the problems brought to the Court's attention. Yes, on one occasion, the court monitor did come here, but he never spoke to Mr. Ramos. He spoke with a resident who has acted as an interpreter, but Mr. Ramos wasn't present, and was never seen.

Your Honors, Merrill Main, PhD., is hiding from the Court that he could easily obtain the materials in Spanish that Mr. Ramos needs to progress in therapy. That would also entail an additional expense of hiring someone fluent in Spanish to mentor the group. Mr. Main's 5 year plan is hogwash, considering that Mr. Ramos has been here since 2002, and is still in Phase II, due to lack of progress. He cannot progress in therapy without specific instructions, which Merrill Main willnot provide. The materials needed by Mr. Ramos may be found in abundance at the Adult Diagnostic & Treatment Center. I know this as a personal matter, when I was an inmate there from

1

2004-2013, and ran the law library.  The Spanish materials are there.  However, Merrill Main seems to be in complete disagreement with the Settlement Agreement, since he refuses to hire the necessary personnel or purchase the books that would assist Mr. Ramos and others like him in completing the program.    It is now clear that Merrill Main does not want success for people here; he wishes only that he be known as the "Clinical Director" ob his resume'    It is also apparent that the Department of Human Services has been utterly lax in its supervision of the staff here.

Mr.  Ramos needs a concrete and definitive answer to his problems, not guesswork and maybes.  He has not requested that assigned counsel participate, as those responsible for the Settlement Agreement, because he does not believe they have his best interests as their best interest.  It was suggested that Mr. Ramos file a separate action.  Is that necessary, or should he depend on your courts to remedy the situation?  It's important to him – he wants to go home.  The consent order/stipulation/agreement is being circumvented at every turn.  There is no where else for Mr. Ramos to go, and no one else he can ask for help he justly deserves.  They even send him to "modules", telling him they can treat him as a therapy refuser if he doesn't go.    He can't understand what is being done, and even I can understand that.

Please reply to Mr. Ramos directly, with a copy to me.  I am a Certified Paralegal and have done Mr. Ramos' work since 2014.

Thank you for your time and attention in this matter.  We will await your reply.

Very truly yours,

JOEL E. DURMER
Certified Paralegal

RUBEN RAMOS
Class member

Enclosures: 25 pages

C; file

2

COPY

Ruben Ramos, #252
Special Treatment Unit
8 Production Way, PO Box 905
Avenel, NJ 07001

August 20, 2014

William T. Walsh, Clerk
U.S. District Court
United States Courthouse
50 Walnut Street
Newark, NJ 07101

Re: **Alves v. Main**
   **01-cv-0789**

Dear Mr. Walsh:

Please find enclosed my motion to reopen the litigation settlement that was reached in the above case, and send it to Judge Cavanaugh's attention, so that it can be listed for a hearing, and the State properly notified.

I have notified, by letter and a copy of this motion, both attorneys that represented the class, Mr. Lustberg and Ms. Moses.

Thank you for your time and attention in this matter.  I will await notification from your office.

Very truly yours,

RUBEN RAMOS
Class member pro se

c: Lawrence Lustberg, Esq.;
   Barbara Moses, Esq.;
   file

Exh. 1

Ruben Ramos, #252
Special Treatment Unit
8 Production Way, Box 905
Avenel, NJ 07001
Class Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW JERSEY**
**50 WALNUT STREET**
**NEWARK, NEW JERSEY 07102**

**RAYMOND ALVES, et al.**
**Plaintiffs**

---

Civil Action

vs.                                42 U.S.C.A. §1983

Docket No. 01-CV-0789
Sat Below:
**MERRILL MAIN, Ph.D., et al.**      Hon. Dennis M. Cavanaugh
**Defendants**      United States District Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### MOTION TO REOPEN LITIGATION

Now comes Ruben Ramos, a resident at the Special Treatment
Unit, 8 Production Way, Avenel, New Jersey 07001, #252, a class
member in the above settlement as negotiated through Hon. Dennis
M. Cavanaugh, U.S.D.J., and committed under *N.J.S.A.* 30:4-27.24
through 30:4-27.38, otherwise known as the Sexually Violent
Predator Act, having been committed since 2002, motions this
Court to reopen the litigation that led to the "Settlement".
Mr. Ramos states the following in support of this motion:

$Ex.\ 2$

1

1] Mr. Ramos was convicted of Aggravated Sexual Assault, 1st Degree, in 1994, in Essex County, and sentenced to a term of twelve (12) years. He was civilly committed at the end of his custodial sentence in 2002 under the S.V.P.A. to receive a course of specialized treatment.

2] Mr. Ramos is a native of Puerto Rico, speaks only Spanish, and speaks only a small amount of English. Further, Mr. Ramos is handicapped in that he is hard of hearing, and no accommodations exist to help minimize that impairment, nor has he ever been offered an interpreter, or one provided at D.H.S./D.O.C. expense.

3] Under the "Settlement" Mr. Ramos is supposed to receive and participate in three (3) 90 minutes sessions of specialized therapy (Process Groups) as well as any self-help/educational/recreational modules that would help him progress to the next phase.

4] At no time over the past twelve (12) years has the staff at either STU-Kearny or STU-Avenel made any serious attempt to obtain for Mr. Ramos *Sex Offender Specific Training* (S.O.S.T.) materials in his native language, Spanish. By failing to accommodate Mr. Ramos' disabilities and language needs, the

2

Exh. 3

staff at STU has held Mr. Ramos back in his quest to move forward and complete the therapy program that would lead to his release. At the present time, Mr. Ramos is so frustrated that he is considering opting out of therapy, {treatment refusal-TR} because he cannot progress and move to the next phase. He feels that he is being discriminated against by the staff, and has expressed that he cannot hope to go home if they don't provide the necessary tools for him to complete the work necessary.

5] It is a well-established fact that *S.O.S.T.* books and manuals are printed in other languages such as Spanish, and are readily available. Because he cannot progress due to the staff's refusal to help him, the Settlement Agreement is being violated by the STU staff responsible for his therapy.

6] Without these specific treatment books/manuals and aids to reduce his hearing impairment, Mr. Ramos cannot hope to meet the guidelines established by the Court to go from one phase to another and attain his release from civil commitment.

7] Further, Merrill Main, as the "Clinical Director" of the S.T.U., was previously employed by D.H.S./D.O.C. at the Adult Diagnostic & Treatment Center, 8 Production Way, Avenel, NJ, and

$Ex+.4$

3

is  well  aware  and  fully  informed  that  these  *S.O.S.T.* books/manuals/materials are published in Spanish, as they are used in a different format at the A.D.T.C.   Mr. Ramos believes the denial of the necessary materials he requires to progress in therapy  towards  release  is  a  deliberate,  arbitrary,  and capricious act, done for financial reasons, and completely out of keeping with the stated goals of the law under which Mr. Ramos  was  civilly  committed  under,  even  with  all  of  the amendments to same, and is done as a deliberate act on Merrill Main's part in his position as Clinical Director, and is a willful  and  blatant  violation  of  the  "Settlement  Agreement". Resident  Ramos  can  only  conclude  that  Merrill  Main  and  his staff's refusal to obtain, distribute, and teach from Spanish S.O.S.T. materials is deliberate.  Most of the Hispanic/Spanish-speaking  residents  at  the  S.T.U.  speak  a  modified  form  of heavily  accented  English.     Resident  Ramos  does  not,  which places him in an "orphan category", causing Merrill Main to disregard  his  needs  under  the  Settlement,  due  to  financial consideration, and the persistent belief that Mr. Ramos' needs are being met, although Merrill Main already knows they are not.

Resident Ramos prays this Court to reopen the Settlement and examine his above statements with an eye towards the Court ordering  Merrill  Main  and  Department  of  Human  Services  to provide Mr. Ramos (and all others similarly situated at the STU)

4

Exh. 5

the tools (*S.O.S.T.* books in Spanish, hearing assist devices, etc.) that will enable him to advance through the phases of therapy he has been unable to complete due to the language and hearing barriers, along with any other relief the Court may deem proper and correct under the circumstances.

RESPECTFULLY SUBMITTED:

Date: August 20, 2014

RUBEN RAMOS
Class member pro se

Prepared for Ruben Ramos by:

Joel E. Durmer, *CP*

Ex4. 6

5

Ruben Ramos, #252
Special Treatment Unit
8 Production Way, Box 905
Avenel, NJ 07102

20 August 2014

Barbara Moses, Esq.
Seton Hall University School of Law
Center for Social Justice
833 McCarter Highway
Newark, NJ 07102
973-642-8700

Re: Settlement issues,

**ALVES v. MAIN**
**01-CV-0789**

Dear Ms. Moses:

This letter, and the accompanying motion, have been prepared for me by a paralegal here at the STU.  His name is Joel E. Durmer, and was formerly the paraprofessional in charge of the law libraries at both A.D.T.C., Avenel and N.J.S.P., Trenton.  Mr. Durmer, as the preparer, will sign both letters and the motion, for your convenience.

I believe the motion is elf-explanatory.   I am being deliberately held back by Merrill Main and his staff, either for financial gain or simple spite.  I have attempted to get materials in Spanish so I can progress in therapy, but they refuse to order them.  Since I speak no English, I can't speak with the Ombudsman, since he doesn't understand me.   Mr. Durmer has been utilizing an interpreter here on the unit.

Please help me do whatever is necessary to get this corrected.   They don't want to do anything for me here, so I need your assistance.

Thank you for your time and attention.

Very truly yours,


RUBEN RAMOS


Prepared by: _Joel E. Durmer_
/Joel E. Durmer, **CP**

c: Lawrence Lustberg, Esq.
   file


Exh. 7

Ruben Ramos, #252
Special Treatment Unit
8 Production Way, Box 905
Avenel, NJ 07001

20 August 2014

Lawrence S. Lustberg, Esq.
Jonathan Manes, Esq.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
973-596-4500

Re: Settlement issues

**ALVES v. MAIN**
**01-cv-0789**

Dear Mr. Lustberg:

Please find enclosed a copy of my motion to reopen the settlement litigation, and why, along with copies of my letters to Ms. Moses and Mr. Walsh.

Would you please consult with Ms. Moses and take whatever steps are necessary to accomplish the goals of this motion?    I can't be released unless I complete therapy, and these people are deliberately holding me back.    I did consider going therapy-refusal, but was convinced not to, to do this route instead.

Thank you for your time and attention in this matter.

Very truly yours,

RUBEN RAMOS

Prepared for Ruben Ramos by: _Joel E. Durmer_
                                                     Joel E. Durmer, **CP**

c: Barbara Moses, Esq.;
    file

Exh. 8


GIBBONS

JOHN   J.   GIBBONS   FELLOWSHIP   IN
PUBLIC INTEREST & CONSTITUTIONAL LAW

HONORABLE JOHN J. GIBBONS

LAWRENCE S. LUSTBERG
DIRECTOR

BENJAMIN YASTER
JOSEPH PACE

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Phone: 973.596.4500

September 12, 2014

## FILED & SERVED ELECTRONICALLY

Hon. Susan D. Wigenton
United States District Judge
United States District Court for the District of New Jersey
U.S. P.O. & Courthouse
1 Federal Square
Newark, NJ 07102

### Re:  Alves v. Main, No. 01-cv-789 (SDW) (MCA)

Dear Judge Wigenton:

Gibbons P.C. and the Center for Social Justice at Seton Hall University School of Law represent the plaintiff class in the above-captioned matter, which has been settled. We submit this letter, in lieu of a formal brief, in response to Ruben Ramos's Motion to Reopen Litigation (ECF No. 247), filed *pro se* on August 25, 2014. For the reasons set forth herein, we respectfully request that the Court treat Mr. Ramos's submission as a motion to enforce the Settlement Agreement now governing the provision of sex offender-specific mental health treatment at the New Jersey Special Treatment Unit ("STU"), and deny it without prejudice to Class Counsel renewing Mr. Ramos's claim in the event that it is not resolved by the Court-appointed independent Monitor as part of his annual inspection of the STU's settlement compliance.

Mr. Ramos is a civilly committed resident of the STU and is a Class Member. He moves to reopen this litigation in order to pursue his claim that the Settled Defendants (comprising the officers and agencies responsible for the sex offender treatment program at the STU) are denying him minimally adequate treatment by refusing to provide treatment materials in his native language, Spanish, and by otherwise failing to accommodate his language needs. (ECF No. 247 ¶¶ 4-6.) Class Counsel respectfully submit that Mr. Ramos's claim falls within the scope of the Settlement Agreement ("SA") (ECF No. 193-3), which was approved by this Court (Cavanaugh, J.) on December 4, 2012 (ECF Nos. 221-22), and affirmed by the Court of Appeals on March 20, 2014 (ECF No. 238). Specifically, by neither recognizing nor accommodating Mr. Ramos's language needs, the Settled Defendants have failed to provide "individually tailored treatment that adequately meets the therapeutic needs of each Resident," as required by SA § VI.A.1 and the Due Process Clause.

Not only is Mr. Ramos's claim encompassed by the Settlement Agreement; the Class expressly endorses it and seeks the same substantive relief: that he and other similarly situated STU residents receive sex offender-specific treatment materials in a language that they

$\mathcal{E}$xh. 9

GIBBONS P.C.

Hon. Susan D. Wigenton
**September 12, 2014**
Page 2

understand. To that end, Class Counsel have urged the Court-appointed Monitor, Hon. William L'E. Wertheimer, J.S.C. (ret.), to investigate Mr. Ramos's claim, among others, as part of his annual inspection of the Settled Defendants' compliance with the Settlement Agreement. *See generally* SA § VIII. Attached for the Court's convenience as Exhibit A is an excerpt of a list of potential areas of non-compliance that Class Counsel submitted to the Monitor on August 25, 2014, which list specifically includes Mr. Ramos's claim. (Exhibit A has been redacted to protect the privacy of STU residents other than Mr. Ramos.) The 2014 inspection will begin in the coming weeks, and we will continue to pursue Mr. Ramos's claim throughout the inspection and reporting process.

Alternatively, should this Court disagree and conclude that Mr. Ramos's motion is not encompassed by the Settlement Agreement, Class Counsel respectfully submit that the Court should construe that motion as a new claim, which should be severed and assigned a new case number so that he can separately pursue relief. That reassignment would be consistent with the Court's previous disposition of Class Members' claims not encompassed within the Settlement Agreement (*see* ECF No. 243), as well as with the Settlement Agreement itself, which expressly does not "in any way affect any present or future claims brought by a Class Member against the Settled Defendants not alleged in the Second Amended Complaint filed in this action." SA § IX.

In sum, then, the Class respectfully requests that this Court deny Mr. Ramos's motion without prejudice to Class Counsel renewing that claim if the Court-appointed independent Monitor does not resolve it in the ongoing inspection process. Denying Mr. Ramos's motion without prejudice will allow the independent monitoring to proceed as the parties and the Court intended, and will prevent the piecemeal litigation and inconsistent results among Class Members that this action was designed to avoid. But in the event that the Court concludes that Mr. Ramos's claim is not encompassed by the Settlement Agreement, the Court should reassign it to a separate case in which he can independently pursue the relief he seeks.

Thank you in advance for your consideration of this matter. If you have any questions, please do not hesitate to contact us.

Respectfully submitted,

/s/ Benjamin Yaster
Benjamin Yaster

cc:     Lawrence S. Lustberg, Esq. (via ECF)
        Barbara Moses, Esq. (via ECF)
        David DaCosta, DAG (via ECF)
        Ruben Ramos (via U.S. mail)
        Hon. William L'E. Wertheimer (via U.S. mail)

Exh. 10

# **EXHIBIT A**

$\mathcal{E}$XH. II

**Potential Noncompliance Issues**
**Second Annual Inspection of the Special Treatment Unit**

Prepared by Class Counsel
August 25, 2014

\*   \*   \*

23.  **Failure to Provide Individually Tailored Therapy for Residents With Low Intellectual Functioning, Language Difficulties, or Visual Impairment**.  SA § VI.A.1.a requires the Settled Defendants to provide "individually tailored treatment" to each STU resident that "adequately meets [his] therapeutic needs."  Similarly, SA §§ VI.A.3.b.5 & VI.A.3.d.1 provide that six-month Treatment Team Reviews and annual TPRC Reports must contain an "individualized assessment of the resident's participation in treatment."  DMHAS does not provide the required individualized treatment or assessment for three disadvantaged sets of residents: those diagnosed with Borderline Intellectual Functioning but *not* placed on the CLS track; those who do not speak English well; and those with severe visual or hearing impairments. Indeed, Treatment Teams and the TPRC almost never tailor their therapeutic prescriptions to these special needs.  Instead, they offer curricular recommendations assuming ability on par with the average STU resident.  Among the Borderline Intellectual Functioning residents are ██████

██████.  Some of these men are functionally illiterate, but are still expected to prepare the same written assignments, read the same module materials, and take the same tests as residents with competent literacy skills.  Non-English speaking residents include ██████ (who also has a Borderline Intellectual Functioning diagnosis) and Ruben Ramos (# 252).  Visually impaired residents include ██████ who is legally blind due to cataracts.

Ex. 12

*Sylvesla*
*7/23/2014*



*State of New Jersey*

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX
TRENTON, NJ 08625-0112

JOHN J. HOFFMAN
*Acting Attorney General*

JEFFREY S. JACOBSON
*Director*

September 17, 2014

Hon. Susan D. Wigenton, U.S.D.J.
U.S. District Court for the District of New Jersey
M.L. King, Jr. Fed. Bldg & Cthse.
Room 5076
50 Walnut Street
Newark, NJ 07102

          Re:  Raymond Alves v. Merrill Main, et al.
               Civ. No. 01-789 (SDW)(MCA)

Dear Judge Wigenton:

          I write in response to Mr. Yaster's letter to you of
September 12, 2014 [ECF Doc. No. 246], with respect to Ruben
Ramos, a sexually violent predator civilly committed under New
Jersey's Sexually Violent Predator Act, requesting you to treat
his pro se Motion to Reopen Litigation [ECF Doc. No. 247] as a
motion to enforce a Settlement Agreement ("SA") [ECF No. 193-3]
entered into after ten years of litigation.   Mr. Yaster then
asks you to deny the motion without prejudice pending the
outcome of an inspection currently being undertaken by the
Monitor agreed to by the parties in the Settlement Agreement
[SA, §VII] and appointed by Judge Cavanaugh [ECF Doc. No. 226].
For the reasons that follow, we oppose the request, and ask that
the "motion" be dismissed with prejudice.

          As an initial matter, it is unclear to me what standing Mr.
Yaster has to make this request on behalf of Mr. Ramos, who
filed his Motion to Reopen Litigation pro se.   While Mr. Ramos
is a member of the class represented by Mr. Yaster that entered
into the SA with the Settled Defendants, I do not believe that
makes him the attorney for Mr. Ramos individually when he is
seeking relief on his own behalf, unless he has a separately
executed retainer agreement.

*Exh. 13*

Turning to Mr. Ramos's motion, he provides no basis for reopening the litigation other than that he is unhappy with the Settled Defendant's failure to satisfy his requests, which he characterizes as a "blatant violation of the 'Settlement Agreement.'" without pointing to any specific provision of the SA alleged to have been violated. Motion, ¶7. While Mr. Yaster attempts to remedy this lack by mischaracterizing portions of the SA, he overlooks the fact that the SA explicitly provides that the Monitor alone decides whether or not the Settled Defendants are in compliance with the Agreement [SA, §VII.H]. The Monitor will decide if Mr. Ramos's complaints have merit and rise to the level of a violation of the SA. If he does so, then the Settled Defendants will have the opportunity to "cure" the non-compliance [SA, §VII.H.2.a]. If he does not so find, that is the end of the matter for this inspection period. There is no appeal mechanism for this Court to review the decisions of the Monitor on compliance issues, unless he makes a finding of non-compliance which the Settled Defendants refuse to cure to his satisfaction [SA, §VII.H.2.c].

Finally, Mr. Yaster's alternative request that this Court construe Mr. Ramos's motion as a new claim against the Settled Defendants is ill founded. Mr. Ramos cannot make pro se "new claims" in the context of a motion to enforce an existing Settlement Agreement. If he wishes to do so, he must file a new civil action, pay the filing fee or successfully show indigency status, and, if the latter, survive a District Court's section 1915 scrutiny before the Settled Defendants are required to answer.

Respectfully yours,

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL
OF NEW JERSEY

By: *David L. DaCosta*

David L. DaCosta
Deputy Attorney General

c.  Benjamin Yaster, Esq. (via ECF)
Barbara Moses, Esq. (via ECF)
Hon. William L'E. Wertheimer (via U.S. Mail)
Ruben Ramos, pro se (via U.S. Mail)

Exh. 14



JOHN  J.  GIBBONS  FELLOWSHIP  IN
PUBLIC INTEREST & CONSTITUTIONAL LAW

HONORABLE JOHN J. GIBBONS

LAWRENCE S. LUSTBERG
DIRECTOR

BENJAMIN YASTER
JOSEPH PACE

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Phone: 973.596.4500

September 18, 2014

**FILED & SERVED ELECTRONICALLY**

Hon. Susan D. Wigenton
United States District Judge
United States District Court for the District of New Jersey
U.S. P.O. & Courthouse
1 Federal Square
Newark, NJ 07102

**Re: Alves v. Main, No. 01-cv-789 (SDW) (MCA)**

Dear Judge Wigenton:

Gibbons P.C. and the Center for Social Justice at Seton Hall University School of Law represent the plaintiff Class in the above-captioned matter, which has been settled. We submit this letter to make three brief points in response to the Settled Defendants' letter filed on September 17, 2014, regarding Ruben Ramos's Motion to Reopen Litigation. (ECF No. 249.)

*First*, our letter of September 12, 2014, was filed in our capacity as counsel to the plaintiff Class (which includes Mr. Ramos), and not Mr. Ramos individually. We undoubtedly have standing to represent the Class's interest in this litigation. Indeed, we previously filed a similar letter requesting, on behalf of the Class, that Joseph Arruano's Motion to Reopen Case (ECF No. 236) be construed as a motion to sever his non-settled *Hasher v. Corzine* claims and assign them to the original *Hasher* docket (ECF No. 241) — which request was not opposed by the Settled Defendants and was ultimately granted by the Court (ECF No. 243).

*Second*, as set forth in our September 12 letter, Class Counsel agree with the Settled Defendants that "[t]he Monitor will decide if Mr. Ramos's complaints have merit and rise to the level of a violation of the SA," and, accordingly, that Mr. Ramos's motion should be denied so as to allow the Monitoring process to proceed as the parties intended. (ECF No. 249, at 2.)

*Third*, Class Counsel and the Settled Defendants both recognize that there may yet be a need for Mr. Ramos's claim to be litigated in this Court if it is not resolved in the inspection process. As the Settled Defendants note, if, with respect to Mr. Ramos's issue, the Monitor "makes a finding of non-compliance which the Settled Defendants refuse to cure to his satisfaction," then Class Counsel may resume litigation on that matter. (*Id.*) The Monitor, however, has not completed this year's inspection, much less made any finding of compliance or non-compliance. It therefore would be premature to deny Mr. Ramos's claim with prejudice, since there remains the possibility that it could be litigated sometime in the future. Accordingly,

Exh. 15

GIBBONS P.C.

Hon. Susan D. Wigenton
**September 18, 2014**
Page 2

we respectfully request that Mr. Ramos's motion be denied but without prejudice to Class Counsel renewing the issue if the matter is not ultimately resolved through the independent monitoring process.

Thank you in advance for your consideration of this matter.

Respectfully submitted,

/s/ Benjamin Yaster
Benjamin Yaster

cc:    Lawrence S. Lustberg, Esq. (via ECF)
       Barbara Moses, Esq. (via ECF)
       David DaCosta, DAG (via ECF)
       Ruben Ramos (via U.S. mail)
       Hon. William L'E. Wertheimer (via U.S. mail)

Exh. 16

## Other Orders/Judgments
2:01-cv-00789-SDW-MCA
ALVES, et al v. FERGUSON, et
al **CASE CLOSED on
05/27/2014**

12BD,CLOSED,SCHEDO

### U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 9/23/2014 at 10:21 AM EDT and filed on 9/23/2014
**Case Name:**        ALVES, et al v. FERGUSON, et al
**Case Number:**     2:01-cv-00789-SDW-MCA
**Filer:**
**WARNING: CASE CLOSED on 05/27/2014**
**Document Number:** 251

**Docket Text:**
**ORDER denying pltf's motion to reopen case. Signed by Judge Susan D. Wigenton on
9/23/2014. (nr, )**

**2:01-cv-00789-SDW-MCA Notice has been electronically mailed to:**

BAHER AZMY     bazmy@ccrjustice.org, ahussain@ccrjustice.org

BENJAMIN YASTER     byaster@gibbonslaw.com

DANIEL MICHAEL VANNELLA     daniel.vannella@dol.lps.state.nj.us

DAVID L. DACOSTA     dacosdav@dol.lps.state.nj.us, karen.ford@dol.lps.state.nj.us

DIANNE M. MORATTI     dianne.moratti@dol.lps.state.nj.us, EF-CSP@dol.lps.state.nj.us

IAN SCOTT MARX     marxi@gtlaw.com, NJLitDock@gtlaw.com

JOHN STUART FURLONG     mail@furlongandkrasny.com

KEITH S. MASSEY , JR     kmasseyjr@masseydefense.com, masseydefense@masseydefense.com

KERRI E. CHEWNING     kchewning@archerlaw.com, gmascio@archerlaw.com

LAWRENCE S. LUSTBERG     llustberg@gibbonslaw.com, litefiling@gibbonslaw.com

Ex+. 17

NEAL WIESNER     nealwiesner@aol.com

STEPHEN D. HOLTZMAN     sholtzman2000@aol.com, jsmcclainesq@comcast.net

SUSAN JENNISON DOUGHERTY     susan.dougherty@dol.lps.state.nj.us

VICTORIA L. KUHN     victoria.kuhn@dol.lps.state.nj.us, EF-CSP@dol.lps.state.nj.us

**2:01-cv-00789-SDW-MCA Notice will not be electronically mailed to::**

GARY J. LESNESKI
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
PO BOX 3000
HADDONFIELD, NJ 08033-0968

JOSEPH ARUANNO
309246/SBI3303
STU - ANNEX
P.O. BOX 905
AVENEL, NJ 07001-0905

REBECCA A. FROST
GREENBERG TRAURIG, LLP
200 CAMPU S DRIVE
PO BOX 667
FLORHAM PARK, NJ 07932-0677

ROBERT ANDREW MCGARREY
SPECIAL TREATMENT UNIT
ANNEX TLR#2
CN905
AVENEL, NJ 07001

RONALD NASH
SVP-193
SPECIAL TREATMENT CENTER
EAST JERSEY STATE PRISON
8 PRODUCTION WAY
AVENEL, NJ 07001

RUBIN RAMOS
SPECIAL TREATMENT UNIT
8 PRODUCTION WAY
P.O.B OX 905
AVENEL, NJ 07001

TAMARA L. RUDOW

DEPUTY ATTORNEY GENERAL
PO BOX 112
TRENTON, NJ 08625

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=9/23/2014] [FileNumber=7868109-0
] [a0b80847f5cfc4a49a9ed4d6183cee3a4ed01bc67fe7e827e2f6e4a81db3cfc4516
8ebd9b3a70bb3a9f905e258134153fe9a0fa5c7c37799b45eac83720bb44e]]

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAYMOND ALVES, et al., | : | Civil Action 01-789 |
| Plaintiffs, | : | |
| v. | : | **ORDER** |
| MERRILL MAIN, et. al., | : | |
| Defendants. | : | September 23, 2014. |

**WIGENTON**, District Judge.

This matter having come before the Court on *pro se* Plaintiff Ruben Ramos's ("Plaintiff"), a civilly committed resident of the New Jersey Special Treatment Unit ("STU"), Motion to Reopen the above-captioned class action (ECF No. 247);

and the parties having entered a Settlement Agreement ("SA") (ECF No. 193), approved by District Judge Cavanaugh on December 4, 2012 (ECF No. 221) and affirmed by the Third Circuit on March 20, 2014 (ECF No. 228), which governs Settled Defendants' provision of sex-offender-specific mental health treatment at STU, and which empowers a Court-appointed Monitor to conduct an annual inspection of Settled Defendants' compliance with the SA;

and Plaintiff having requested reinstatement of the litigation to address a claim—Settled Defendants' alleged failure to provide Plaintiff with mental health treatment materials in Spanish and otherwise accommodate his language needs—encompassed by the Settlement Agreement, See ECF No. 193, SA, §VI.A.1 (requiring "individually tailored treatment that adequately meets the therapeutic needs of each Resident");

$\mathcal{E}_{x\text{H}}$. 20

and the Court-appointed Monitor's annual inspection being due to begin in the coming weeks and Class Counsel having informed this Court that Plaintiff's claim has been submitted to the Monitor for investigation (ECF No. 248);

**IT IS** on this 23rd day of September, 2014,

**ORDERED** that Plaintiff's Motion to Reopen the Litigation is **DENIED** without prejudice. Plaintiff may renew his application if the alleged violation is not resolved through the independent monitoring process.

/s/ Susan D. Wigenton

**Susan D. Wigenton, U.S.D.J.**

cc: the Hon. Madeline Cox Arleo, U.S.M.J.

*Exh. 21*

Joel E. Durmer, #677
Special Treatment Unit
8 Production Way
Avenel, NJ 07001

12 November 2014

Barbara Moses, Esq.                          Lawrence Lustberg, Esq.
Seton Hall University School of Law          Jonathan Manes, Esq.
Center for Social Justice                    GIBBONS PC
833 McCarter Highway                         One Gateway Center
Newark, NJ 07102                             Newark, NJ 07102
973-642-8701                                 973-596-4500

Re:     Ruben Ramos, #252
        Motion to Reopen on 20 August 2014

Subj:   **ALVES v. MAIN**
        **01-cv-0789**

Dear Counselors:

I am writing on behalf of Ruben Ramos, #252, who asked me to prepare the motion to reopen back in August.

From reading the letter you folks prepared, and the order, it appeared to me that the federal monitor would be coming soon to see Mr. Ramos, and others similarly situated here.    That has not occurred.  No appointment has been made, and whatever promises have been made have not been kept.

To be very blunt with you, the individual running the STU, Merrill Main, is a hypocritical individual.  He knows very well, having been employed at the ADTC once before, that there are indeed therapy books in Spanish.  *I* know it, having been there myself.  Merrill Main is deliberately sabotaging these men in an effort to keep them here.  It's the only logical conclusion that fits all of the facts as they now exist.  His only reason for being is the prestige he finds in being "clinical director" which is the pinnacle of success for someone such as him.

As such, Mr. Ramos wishes to renew his complaint and asks that you seek immediate redress from the courts, since the monitor has not shown up, and it is already three months past when he was supposed to.   His signature below attests to this request.

Please also be advised that I am a practicing paralegal, with the CP after my name.  I have been a paralegal for more than 15 years, and I think I have some understanding of what has to be done here.  We are involved in a shall game, and Merrill main is running it.

Thank you for your time and attention in this matter.  We will await your reply.

                                        Very truly yours,

_____          _____
RUBEN RAMOS, #252                         JOEL E. DURMER, #677

Exh. 22

SETON HALL UNIVERSITY SCHOOL OF LAW
CENTER FOR SOCIAL JUSTICE
CIVIL RIGHTS AND CONSTITUTIONAL LITIGATION CLINIC
833 McCarter Highway
Newark, New Jersey 07102



Barbara Moses
Visiting Clinical Professor

Phone (973) 642-8700
Fax (973) 642-8295
barbara.moses@shu.edu

25 de Noviembre de 2014

Ruben Ramos, No. 252
Special Treatment Unit
8 Production Way
Avenel, NJ 07001

Re:   **Ruben Ramos, #252**

Estimado Sr. Ramos:

Yo soy uno de los estudiantes de Seton Hall Law y estoy trabajando en el STU caso este semestre.

Recibimos su carta de fecha 12 de noviembre de 2014. Le agradecemos que nos informaste de los problemas que encuentres en el STU. En el settlement agreement, se requiere que el Monitor debe entrevistar a miembros de la clase durante el proceso de inspección, sin embargo, él tiene el poder de escoger y elegir los miembros de la clase que el desea entrevistar. Sabemos que está decepcionado que el monitor no habló con usted personalmente. Sin embargo, el a leído su petición, y tiene información sobre tus problemas en el STU, incluyendo la falta de acceso a los materiales en español en el STU. Además, el monitor ha hablado con su intérprete, el Sr. José Cabrera, sobre esos temas, y esperamos que el monitor responde a ellos en su informe de inspección.

Desafortunadamente, el tema de la eficacia de Dr. Main como un director clínico está fuera del alcance de nuestra representación en <u>Alves</u>. Aunque el Monitor es consciente de las quejas contra el Dr. Main, el settlement agreement no le da el poder de despedir a personal del STU.

Sinceramente,

Christopher Rivera
Legal Intern, D.N.J. Local Rule 101.1(h)

Exh. 23

ESSEX COUNTY JAIL
State of New Jersey

V.

Ruben Ramos

_____
Defendant (Specify Complete Name)

New Jersey Superior Court
ESSEX      County
Law Division - Criminal
[X] Judgment of Conviction
[ ] Change of Judgment
[x] Order for Commitment
[ ] Indict/Accusation Dismissed
[ ] Judgment of Acquittal

| | |
|---|---|
| 6/15/47 | DATE OF BIRTH |
| Unknown | S.B.I. # |
| 9/3/94 | DATE OF ARREST |
| 12/14/94 | DATE IND/ACC FILED |
| 1/5/95 | DATE OF ORIGINAL PLEA |
| [x] NOT GUILTY    [ ] GUILTY | ORIGINAL PLEA |

| ADJUDICATION BY: | DATE |
|---|---|
| [x] GUILTY PLEA | 1/30/95 |
| [ ] JURY TRIAL | |
| [ ] NON-JURY TRIAL | |
| [ ] DISMISSED/ACQUITTED | |

## ORIGINAL CHARGES

| IND/ACC NO. | Count | Description | Degree | Statute |
|---|---|---|---|---|
| I94-12-4281 | 1 | Aggravated Sex. Assault | 1st | 2C:14-2a(1) |
| | 2 | Aggravated Sex. Assault | 1st | 2C:14-2a(1) |
| | 3 | Sex. Assault | 2nd | 2C:14-2b |
| | 4 | Endangering the Welfare of a Child | 3rd | 2C:24-4a |
| | 5 | Sex. Assault | 2nd | 2C:14-2b |
| | 6 | Sex. Assault | 2nd | 2C:14-2b |
| | 7 | Endangering the Welfare of a Child | 3rd | 2C:24-4a |

## FINAL CHARGES

| Count | Description | Degree | Statute |
|---|---|---|---|
| 2 | Aggravated Sex. Assault | 1st | 2C:14-2a(1) |
| 4 | Endangering the Welfare of a Child | 3rd | 2C:24-4a |
| 5 | Sex. Assault | 2nd | 2C:14-2b |
| 7 | Endangering the Welfare of a Child | 3rd | 2C:24-4a |

For Dismissal - Counts 1, 3 & 6 of Ind. No. 94-12-4281 dismissed on motion of prosecutor pursuant to Plea Agreement.

It is, therefore, on May 30, 1995 ORDERED AND ADJUDGED that the defendant is sentenced as follows:

Count 2 - Committed to the custody of the Commissioner of the Department of Corrections for a period not to exceed 12 years in the Adult Diagnostic and Treatment Center in Avenel to a program of specialized treatment for the defendant's mental condition, to remain until released in accordance with law. SNSF-$75.00; VCCB-$50.00.

Count 4 - Committed to the custody of the Commissioner of the Department of Corrections for a period of 4 years in the Adult Diagnostic Treatment Center in Avenel, to remain until released in accordance with law. The sentence imposed on Count 4 of Ind. No. 94-12-4281 is to run concurrent with the sentence imposed on Count 2 of Ind. No. 94-12-4281. SNSF-$75.00; VCCB-$50.00.

Count 5 - Committed to the custody of the Commissioner of the Department of Corrections for a period of 6 years in the Adult Diagnostic Treatment Center in Avenel, to remain until released in accordance with law. The sentence imposed on Count 5 of Ind. No. 94-12-4281 is to run concurrent with the sentence imposed on Counts 2 & 4 of Ind. No. 94-12-4281. SNSF-$75.00; VCCB-$50.00.

Count 7 - Committed to the custody of the Commissioner of the Department of Corrections for a period of 4 years in the Adult Diagnostic Treatment Center in Avenel, to remain until released in accordance with law. The sentence imposed on Count 7 of Ind. No. 94-12-4281 is to run concurrent with the sentence imposed on Counts 2, 4 & 5 of Ind. No. 94-12-4281. SNSF-$75.00; VCCB-$50.00.

(CONTINUED ON NEXT PAGE)

Exh. 24

State v   Ruben Ramos          SBI#   Unknown       IND/ACC#  I94-12-4281

Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after December 23, 1991,
an assessment of $50 is imposed on each count on
which the defendant was convicted unless the box
below indicates a higher assessment pursuant to
N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense
is on or after January 9, 1986 but before December 23,
1991, unless a higher penalty is noted. Assessment is
$25 if offense is before January 9, 1986.)

[x] Assessments imposed on count(s)

    2, 4, 5 & 7 is $50.00  each.

TOTAL VCCB ASSESSMENT $200.00

If the offense occurred on or after August 2, 1993
a $75 Safe Neighborhood Services Fund Assessment is
ordered for each conviction P.L. 1993, c. 220.

[x] Assessments imposed on count(s)
    2, 4, 5 & 7 is $75.00  each.

TOTAL S.N.S.F. ASSESSMENT $300.00

[ ] Installment payments are due at
rate of $ _____ per _____,

    beginning _____.
         (Date)

If any of the offenses occurred on or after July 9, 1987, and is for a
violation of Chapter 35 or 36 of Title 2C,

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty
is imposed for each count. (Write in # times for each.)
____ 1st Degree @ $3000    ____ 4th Degree @ 750
____ 2nd Degree @ $2000    ____ Disorderly Persons or Petty
____ 3rd Degree @ $1000    ____ Disorderly Persons @ 500.
              Total D.E.D.R PENALTY $ _____

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be
suspended upon defendant's entry into a residential drug program for the
term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED.
____ Offences @ $50.       Total LAB FEE $ _____

3) Name of Drugs Involved _____.

4) A mandatory driver's license suspension of ____ months is ORDERED.
The suspension shall begin today, _____ and end _____.
Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE
THE FOLLOWING)
Defendant's address _____
Eye Color _____    Sex _____  Date of Birth _____
[ ] The defendant is the holder of an out-of-state driver's license from
the following jurisdiction _____ Driver's license# _____

[ ] Your non-resident driving privileges are hereby revoked for
_____ months.

If the offense occurred on or after January 5, 1994 and the sentence
is probation, a supervision fee of not more than $25 per month for the
term of the probation will be assessed pursuant to N.J.S.A. 2C:45-1.

Length of Probation: _____ at _____ per month/P.S.F.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction
fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

| NAME (Person who prepares this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| Geri Hildebrand | 201-621-6332 | Jerry P. Soffer, Esq. |

## STATEMENT OF REASONS

Mitigating Factors - (7) The defendant has no history of prior delinquency or criminal activity
or has led a law-abiding life for a substantial period of time before the commission of the
present offense.

Aggravating Factors - (2) The gravity and seriousness of harm inflicted on the victim, including
whether or not the defendant knew or reasonably should have known that the victim of the offense
was particularly vulnerable or incapable of resistance due to advanced age, ill-health, or
extreme youth, or was for any other reason substantially incapable of exercising normal physical
or mental power of resistance. Obviously, the sexual abuse of young children will cause those
children to have significant psychological consequences; (3) The risk that the defendant will
commit another offense. The Avenel Report is convincing in its conclusion that his conduct is
compulsive and repetitive, therefore, there is a significant risk that he will commit another
offense; and (9) The need for deterring the defendant and others from violating the law.

The presumption of incarceration (N.J.S.A. 2C:44-1d) is applicable because defendant has pleaded
guilty to a 1st degree crime. Notwithstanding that aggravating factors preponderate, I am
satisfied to sentence the defendant in accordance with the plea agreement.

I incorporate herein my reasons for sentencing on the record.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Kenneth S. Levy, J.S.C. | | 5/5/97 |

EXH. 25