

**SETON HALL | LAW**

**Center for Social Justice**

833 McCarter Highway, Newark, New Jersey 07102-5210
Tel. (973) 642-8700 • Fax (973) 642-5939/8295

Jennifer B. Condon, Esq.
Associate Professor of Law
Jenny-Brooke.Condon@shu.edu

**February 22, 2016**

*Via ECF and U.S. Mail*

Hon. Susan D. Wigenton, U.S.D.J.
Presiding United States District Judge
United States District Court for the District of New Jersey
U.S.P.O. & Courthouse
1 Federal Square
Newark, NJ 07102

    Re:    *Alves v. Main*, No. 01-789 (SDW) (MCA)

Dear Judge Wigenton:

    This office, along with Gibbons P.C. ("Class Counsel"), represents Plaintiffs in the above-referenced case, a class action challenging the legality of civil commitment under the New Jersey Sexually Violent Predator Act at the Special Treatment Unit (the "STU") in Avenel, New Jersey. In February 2012, the Court approved a comprehensive settlement agreement in this case (the "Agreement"), which, pursuant to the parties' agreement, remains subject to the Court's jurisdiction as in inactive case on the Court's docket during the period of independent monitoring. Counsel writes with respect to a January 25, 2016 letter filed with the Court by STU resident Ruben Ramos, which expressed concerns relating to his lack of access to treatment in Spanish, his primary language. On February 9, 2016 Your Honor's Law Clerk contacted Class Counsel, shared Mr. Ramos's letter, and inquired about his concerns. We write to memorialize our verbal response and provide a more thorough update on Class Counsel's efforts to address this issue through the process outlined by the Settlement Agreement.

    Class Counsel agree with Mr. Ramos that he and other non-English speaking STU residents cannot meaningfully participate and progress through treatment without access to materials and therapy provided in their primary language. We have expressed this concern to the Court-approved Monitor tasked with evaluating whether the STU is carrying out its obligations under the Settlement Agreement. By way of background, pursuant to that Agreement, the Monitor annually inspects the STU to determine whether it is in compliance with the Settlement Agreement and, after considering the parties' positions, issues a report finding the STU in substantial compliance or non-compliance with each provision of the Settlement Agreement (the

"Monitor's Report"). The parties may then submit objections, and after review of those objections, the Monitor issues a final report each year. Mr. Ramos's concerns relate to an issue that has been a matter of dispute between the parties during the last two inspection periods.

Although the Settlement Agreement does not expressly refer to language-specific treatment, it does guarantee that Residents will receive "individually tailored treatment" that addresses their specific needs. *See* Section VI.A.1. It is undisputed that the STU does not have any official program or policy in place that ensures that non-English speaking residents will receive treatment in a language they understand, and sessions and written materials in their native language. Class Counsel has argued that this violates the Settlement Agreement's guarantee of "individually tailored" therapy because Residents cannot access the treatment required by the Settlement Agreement if they cannot read and understand treatment modules or meaningfully participate in group therapy in a language in which they are comfortable or fluent.

Specifically, Class Counsel objected during the 2014 inspection period to the Monitor's finding of compliance on this issue, noting that "the current program does not meet the needs of Spanish-speaking [r]esidents like Ruben Ramos (#252), whose lack of English has so hampered his progress at the STU that he petitioned the District Court, *pro se*, in an effort to obtain the individualized therapy mandated by the Agreement." Class Counsel contended that Spanish-speaking residents' treatment was thus not individually tailored. The State and Monitor disagreed.

During the current inspection period, Class Counsel again maintained that the STU was not in compliance with the Agreement's individually tailored treatment requirement, § VI.A.1, because "[r]esidents who do not speak, read, or write English well enough to meaningfully participate in therapy" are effectively left out of the treatment process and do not receive therapy that accounts for, and accommodates, a fundamental need – to understand what is going on well enough to benefit from treatment. Class Counsel cited evidence from Mr. Ramos's treatment records reflecting that his inability to understand English led him to fail modules and thus hindered his treatment progress.

At the end of 2015, the Monitor issued his initial report and found the State in compliance with the Settlement Agreement's individually-tailored treatment requirement. The Monitor concluded there was insufficient evidence, particularly without expert testimony (which class counsel have offered to provide), to support Plaintiffs' assertions. As to Mr. Ramos individually, the Monitor noted evidence in his treatment records indicating that his inability to speak English did, at one time, affect his progress in treatment. But the Monitor credited the statements of STU staff suggesting that those issues have been resolved through informal means and that Mr. Ramos now may understand more English than during the earlier years of his confinement.

Having received the parties' respective objections, the Monitor will soon issue his final report for this inspection period. If the Monitor makes a final determination that the STU is again in compliance with the Settlement Agreement's requirement of individually tailored

treatment, § VI.A.1, this requirement of the Agreement will have been found in compliance during three consecutive inspection periods. Under the terms of the Agreement, it will therefore "sunset," meaning, the Monitor will no longer evaluate the STU's compliance with this requirement of the Settlement Agreement in the remaining two years of monitoring.

We hope this information responds to Your Honor's inquiry, makes clear that Class Counsel share the concerns raised by Mr. Ramos in his letter to the Court and demonstrates that we have sought to address it through the process provided by the Settlement Agreement. We would be happy to provide any further information that Your Honor might wish or respond to any questions that the Court might have.

Thank you very much for your kind consideration of this matter.

Respectfully,

Jennifer B. Condon

cc: Hon. William L'E. Wertheimer
    Mark Singer (Deputy Attorney General)
    Lawrence S. Lustberg (Class Counsel)
    Ana Muñoz (Class Counsel)