UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

February 20, 2018

Mr. Joseph Aruanno, #363
Special Treatment Unit
P.O. Box 905
Avenel, NJ 07001
*Plaintiff*

Gurbir S. Grewal, Esq.
Michael Vomacka, Esq.
Victoria Ply, Esq.
Office of the New Jersey Attorney General
25 Market Street
P.O. Box 112
Trenton, NJ 08625
*Attorneys for Defendants*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Alves, et al. v. Ferguson, et al.*
**Civil Action No. 01-789 (SDW)(MCA)**

*Hasher, et al. v. Corzine, et al.*
**Civil Action No. 07-1212 (SDW)(SCM)**

Litigants:

    Before this Court are Plaintiff Joseph Aruanno's Motion for Temporary Restraining Order and/or Preliminary Injunction and Motion for Appointment of a Special Master. This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Plaintiff's motions.

## DISCUSSION

A.

Plaintiff has an extensive history of litigation before this Court. On March 12, 2007, Plaintiff and others filed a prisoner rights complaint in this Court, *Hasher v. Corzine*, Civil Action No. 07-1212 ("*Hasher*"). On June 4, 2008, that case was consolidated under *Alves v. Ferguson*, Civil Action No. 01-789 ("*Alves*"), and *Hasher* was closed. (*Hasher* Dkt. No. 61.) *Alves* is a consolidated class action "focused exclusively on the adequacy of the mental health treatment provided to the residents of the State of New Jersey's Special Treatment Unit ('STU')" where Plaintiff is confined. (*Alves* Dkt. No. 242.) A class action settlement in *Alves* was approved on December 4, 2012, and affirmed by the Third Circuit on March 20, 2014. (*Alves* Dkt. Nos. 220, 221, 234.) On April 17, 2014, Plaintiff filed a motion to reopen/reinstate in *Alves*. (*Alves* Dkt. No. 236.) This Court granted that motion on May 19, 2014, treating it as a request to reinstate claims filed in *Hasher* that were not part of the *Alves* settlement. (*Alves* Dkt. Nos. 242, 243.) *Alves* was closed on May 27, 2014.

In 2015/2016, Plaintiff filed additional motions to reopen/reinstate.[1] (*Alves* Dkt. No. 256, 274.) On November 8, 2016, this Court denied Plaintiff's motions, finding that all his claims had been resolved by the *Alves* settlement and Plaintiff had failed to offer a cognizable basis under Federal Rule of Civil Procedure 60(b)[2] to reopen. (*Alves* Dkt. No. 278.) Plaintiff appealed and this Court's Order was affirmed on April 21, 2017. (*Alves* Dkt. Nos. 280, 287, 288.)[3]

Plaintiff filed the instant Motion for Temporary Restraining Order and/or Preliminary Injunction and Motion for Appointment of a Special Master on August 16, 2017. (*Alves* Dkt. No. 290.) Personnel changes in the Office of the Attorney General for the State of New Jersey delayed the Government's opposition until January 25, 2018. (*Alves* Dkt. Nos. 297, 298.)

B.

When considering whether to grant a preliminary injunction, courts must consider whether the party seeking the injunction has shown: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)) (internal quotation marks omitted). "Establishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a clear showing of immediate

---

[1] Plaintiff also moved for, and this Court denied, the appointment of a legal guardian.
[2] Federal Rule of Civil Procedure 60(b) provides, in relevant part, that upon a showing of "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief" a "court may relieve a party or its legal representative from a final judgment, order or proceeding." FED. R. CIV. P. 60(b).
[3] Plaintiff has also filed an "Application/Petition" to re-open/reinstate this matter. (*Alves* Dkt. No. 294.) Not only is any request to reopen untimely under Rule 60(b), Plaintiff's application merely reiterates the arguments addressed in this Court's November 8, 2016 Letter Opinion denying Plaintiff's prior motions to re-open. *See* Fed. R. Civ. P. 60(b)(1) (requiring that a motion to reopen be filed within one year after entry of judgment).

irreparable injury." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (internal citations omitted).[4]

Plaintiff has failed to demonstrate a likelihood of success on the merits. Plaintiff's motion contains only conclusory and vague allegations of alleged harm and does not show how the conditions of which he complains fail to meet the "minimally adequate" treatment required in civil commitment. *See Youngberg v. Romeo*, 457 U.S. 307 (1982). Although Plaintiff generally argues that his constitutional rights are being violated by his confinement, he does not address how the alleged harm he suffers has violated any constitutional or statutory provisions. Moreover, Plaintiff has not shown he will suffer irreparable harm if injunctive relief is denied. Plaintiff only claims that he "suffers irreparable injury on a daily basis" but such a conclusory allegation is insufficient. Therefore, this Court will deny Plaintiff's request for a preliminary injunction.

C.

The appointment of a special master is limited to situations in which "exceptional condition[s]" require it. *Prudential Ins. Co. v. U.S. Gypsum Co.*, 991 F.2d 1080, 1083 (3d Cir. 1993); *see also* FED. R. CIV. P. 53(b) (permitting appointment of a special master only "upon a showing that some exceptional condition requires it"). Here, Plaintiff does not present any "exceptional condition" requiring the appointment of a special master, or indicate why a special master is necessary in this matter. Therefore, this Court will deny Plaintiff's request for the appointment of a special master.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction is **DENIED**. Plaintiff's Motion for Appointment of a Special Master is also **DENIED**. As the *Alves* matter is closed, Plaintiff is further ordered to cease filing motions in that matter (Docket Number 01-789). Any further claims regarding the conditions of Plaintiff's confinement must be filed in a separate action.

An appropriate Order will follow.

                                                                                  /s/ Susan D. Wigenton
                                                                   **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Steven C. Mannion, U.S.M.J.

---

[4] With respect to civil actions regarding prison conditions, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The Supreme Court has instructed courts to play a "very limited role" in the administration of detention facilities. *Block v. Rutherford*, 468 U.S. 576, 584 (1984); *see also Bell v. Wolfish*, 441 U.S. 520, 547 (1979).