**HOWARD Z. MYEROWITZ, ESQ.**
**57 Remsen Avenue**
**Monsey, New York 10952**
**973-981-5843**
**HMyerowitz@gmail.com**

July 31, 2018

William T. Walsh, Clerk of Court
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

Dear Mr. Walsh:

    Enclosed, please find an Order by the Committee on Grievances of the United States District Court for the Southern District of New York, dated January 8, 2018. I apologize for the delay in sending this to you. I did not read the whole thing until yesterday and did not realize I was supposed to provide it to you.

    Please call or email me if you have any questions.

Respectfully,

*Howard Z. Myerowitz*

Howard Z. Myerowitz, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
                                                  :
In the Matter of                            :

Howard Myerowitz,             :      M-2-238

                                               :      **OPINION AND ORDER**
                Respondent.     :
----------------------------------------------------X

**BEFORE THE COMMITTEE ON GRIEVANCES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK[1]**

This matter comes before the Committee on Grievances for the United States District Court for the Southern District of New York (the "Committee") to consider the imposition of discipline upon Respondent Howard Myerowitz, based on his conduct before the Honorable Denise Cote, United States District Judge, S.D.N.Y., in *River Light V, LP v. Lin & J International, Inc.*, 13-cv-3669 ("*River Light*"), and his failure to respond to the Orders to Show Cause issued by Committee dated January 14, 2015 and July 16, 2015. On March 27, 2017, the Committee found that Respondent violated the following New York Rules of Professional Conduct (the "Rules"): Rule 3.3(a) (false statements to a tribunal); Rule 3.4(c) (disregarding a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding); Rule 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); Rule 8.4(d) (conduct that is prejudicial to the administration of

---

[1] The members of the Committee are District Judge Katherine B. Forrest, Chair; Chief Judge Colleen McMahon; District Judges Andrew L. Carter Jr., Katherine Polk Failla; Kenneth M. Karas; Louis L. Stanton, and Richard J. Sullivan; Magistrate Judges James L. Cott and Judith C. McCarthy.

justice); and Rule 8.4(h) (conduct that adversely reflects on the lawyer's fitness as a lawyer). The Committee now turns to the issue of the appropriate sanction for the proven misconduct.

The Committee has reviewed the entirety of the submission of Respondent. Among other points of mitigation, it has considered the fact that Respondent has already paid substantial sanctions imposed by Judge Cote as a result of his misconduct.

It has considered aggravating circumstances as well, including that Respondent has committed multiple violations of the New York Rules of Professional Conduct and this Court's Local Civil Rules. *ABA Standards for Imposing Lawyer Sanctions* at § 9.22(d).

There are other serious aggravating circumstances present. Respondent had a dishonest and selfish motive when he knowingly lied to the Court about the date that he mailed opposition papers to the plaintiff's summary judgment motion. When his adversary accused him of lying, Respondent doubled down and lied to the Court a second time, accusing his adversary of making baseless allegations when he knew that his adversary's statements were truthful. *Id.* at § 9.22(b).

Moreover, Respondent obstructed this disciplinary proceeding when he failed to respond to the orders to show cause that were issued by the Committee. *Id.* at § 9.22(e).

The Committee concludes that the protection of the public and of the judicial system is best served by suspending Respondent for a period of two years for his

conduct. This sanction is imposed *nunc pro tunc* to January 8, 2016, which is the effective date of the interim suspension.

## CONCLUSION

It is hereby **ORDERED** that Howard Myerowitz is suspended for a period of two years, *nunc pro tunc* to January 8, 2016, with leave to apply for reinstatement at the expiration of that term. It is further **ORDERED** that Respondent shall return forthwith to the Office of the District Executive any Attorney Service Pass issued by this Court to him. In accordance with Local Civil Rule 1.5(h)(3), Respondent is **ORDERED** to deliver a copy of this Order to the clerk of each federal, state or territorial court, agency and tribunal to which he is admitted to practice. Respondent is further **ORDERED** to deliver a copy of this Order to the clerk of each federal, state or territorial court, agency and tribunal to which he applies for reinstatement or admission to practice, simultaneously with his application.

DATED: New York, New York
           January 8, 2018

SO ORDERED.

_____
KATHERINE B. FORREST
Chair, Committee on Grievances S.D.N.Y.

