**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-1691 and 18-3039
(consolidated)
_____

RAYMOND ALVES; MICHAEL CULBRETH; DERRICK SESSOMS;
Individually and on behalf of all persons similarly situated

v.

MERRIL MAIN, Ph.D., in his official capacity as Clinical Director of the Special Treatment Unit; COMMISSIONER NEW JERSEY DEPARTMENT OF HUMAN SERVICES; LYNN A. KOVICH, in her official capacity as Assistant Commissioner and Deputy Director of the New Jersey Division of Mental Health and Addiction Services; ATTORNEY GENERAL NEW JERSEY

JOSEPH ARUANNO,
    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 01-cv-00789)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2019

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: January 10, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Joseph Aruanno appeals from two orders of the United States District Court for the District of New Jersey, each of which denied his post-judgment motions for a temporary restraining order or preliminary injunction and for appointment of a special master.

Aruanno is a civilly committed sexually violent predator and a frequent litigant. The underlying matter ("Alves") concerns a class action on behalf of residents at New Jersey's Special Treatment Unit ("STU"). Another similar case, Hasher v. Corzine, D.N.J. Civ. No. 07-cv-01212, was consolidated with Alves and a class settlement was reached in December 2012. This Court affirmed. See Alves v. Main, 559 F. App'x 151 (3d Cir. 2014) (per curiam) (not precedential).[1]

Aruanno subsequently filed two post-judgment motions for a temporary restraining order or preliminary injunction and for appointment of a special master. (Dkt. #290, #307). The District Court denied the first of those motions in an order entered on February 21, 2018 (Dkt. #302). Aruanno's timely appeal of that order was docketed at

---

[1] In 2014, the District Court granted Aruanno's motion to reopen/reinstate, deconsolidating and severing claims filed in Hasher that were not part of the Alves settlement. Those claims were reinstated in Hasher; the District Court subsequently granted the Defendants' motion for summary judgment, and this Court once again affirmed. See Aruanno v. Corzine, 687 F. App'x 226 (3d Cir. 2017) (per curiam) (not precedential).

2

C.A. No. 18-1691.[2]  The District Court denied the second motion in an order entered on August 1, 2018 (Dkt. #310).  The timely appeal from that order was docketed at C.A. No. 18-3039.  We have consolidated these appeals, and we have jurisdiction under 28 U.S.C. § 1291.  See United States v. Stewart, 452 F.3d 266, 272 (3d Cir. 2006).

Assuming the post-judgment motions were properly filed (which we doubt), the District Court properly denied them.[3]  We agree with the District Court that they did not warrant the "extraordinary" relief requested.  See Holland v. Rosen, 895 F.3d 272, 285 (3d Cir. 2018) ("A preliminary injunction is an extraordinary remedy . . . which should be granted only in limited circumstances." (internal quotation omitted)).  The affidavits in support of Aruanno's post-judgment motions contain a litany of alleged constitutional violations on the part of the STU, ranging from a "refusal to grant daily visitation from family, loved ones, and friends by DOC and DHS," to the "policy and practice of locking civilian residents in a cell for long periods of the day."  The District Court did not err in denying the motions, as the conclusory statements in his affidavits do not indicate a strong likelihood of success on the merits (indeed--there is now no underlying case on

---

[2] We denied Aruanno's motion for appointment of counsel, filed in C.A. No. 18-1691.
[3] The District Court properly denied the motions under any conceivable standard of review.  Cf. Holland v. Rosen, 895 F.3d 272, 285 (3d Cir. 2018) (setting forth standard of review for denial of preliminary injunctive relief or temporary restraining order).  The Alves case was settled and closed years ago.  We are hard pressed to understand how Aruanno could be properly seeking any "preliminary" relief, or a "temporary" restraining order, when there was no case pending before the District Court.  The District Court declined to reopen the matter, see Dkt. #301 at 2 n.3, and properly informed Aruanno that "[a]ny further claims regarding the conditions of [his] confinement must be filed in a separate action," id. at 3.

which to prevail) or irreparable injury that would support injunctive relief.  See, e.g., In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015) (en banc) (explaining factors to be considered in ruling on a motion for a preliminary injunction).[4]

For the foregoing reasons, we will affirm the District Court's order.

---

[4] Because there was no civil action pending before the District Court, the Court did not err in denying Aruanno's motions for a special master.

4